[No. 11044.  Department Two.  July 26, 1913.]

IRENE BEERS, *Appellant*, v. FRED E. BEERS, *Respondent*.[1]

DIVORCE—CUSTODY OF CHILDREN—DECREE—MODIFICATION.  The superior court has power to modify a decree of divorce with reference to the custody of minor children, where there is a material change in the conditions or fitness of the parties, or their welfare would be promoted thereby.

DIVORCE—ALIMONY—DECREE—MODIFICATION.  As to alimony yet to accrue, the superior court may modify a decree of divorce as the conditions or circumstances of the parties may change from time to time; but it has no power to modify the decree as to installments of alimony past due and unpaid.

SAME—PETITION FOR MODIFICATION—DEMURRER.  A petition to modify a decree of divorce as to the custody of children is sufficient on demurrer to authorize the relief sought, when it appears that the welfare of the children would be promoted thereby.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 6, 1913, in favor of the defendant, granting a petition to modify a decree of divorce, upon overruling a demurrer thereto.  Modified.

*Geo. W. Saulsberry*, for appellant.

*Gay & Olson* (*Milo A. Root*, of counsel), for respondent.

MAIN, J.—The purpose of this proceeding is to modify a decree of divorce.

[1]Reported in 133 Pac. 605.

On April 10, 1909, the superior court for King county entered a decree granting to the plaintiff an absolute divorce from the defendant and awarding to the plaintiff the care and custody of their two minor children, Gladys Irene and Evelyn. The decree also provided that the defendant pay to the plaintiff, for the use and benefit of the children, the sum of $15, each and every month until the further order of the court, $100 as an attorney's fee for plaintiff's attorney, to be paid in installments of $20 per month, and costs of the action. The right to modify or change the decree with reference to the allowance or custody of the children was reserved by the court in the decree.

Thereafter, during the month of October, 1912, the defendant filed a petition seeking to have the decree modified with respect to the payment of alimony and the custody of the children. From this petition, it appears that the decree, so far as the payment of alimony, attorney's fee, and costs are concerned, has never been complied with by the defendant. The portions of the petition material to this inquiry are, in substance, as follows: That the plaintiff has practically abandoned her two minor children; that Gladys Irene is being carried about the country by plaintiff's sister and her husband, traveling vaudeville actors of Chicago, Illinois; that Evelyn is kept in the home of the plaintiff's father, at Bryn Mawr, in King county, who is living with a woman not his wife; that the child is falsely taught as to her correct name; that, at the trial of the divorce proceeding, plaintiff upon oath falsely represented that she had rich friends and relatives who would assist her in the education, maintenance, and support of the minor children; that the plaintiff is not now a fit and suitable person longer to have their care, custody, and control; that defendant now has employment in King county, lives with his father and mother at Bryn Mawr, and that his mother is in the best of health; that their home is comfortable and the minor children can be given the education and every comfort and advantage that children of their age and circum-

stances should have.   To this petition, a general demurrer was interposed which, on December 24, 1912, was by the court overruled.   The plaintiff elected to stand on the demurrer, and refused to plead further.   Thereupon judgment was entered modifying the decree and adjudging that the defendant be relieved and discharged from the payment of alimony, including that already accrued and unpaid and that which would accrue in the future.   It was further decreed that the custody of the children be taken from the plaintiff and given to the defendant.   From this judgment, the plaintiff has appealed.

Upon this appeal the questions presented are the right or power of the court to modify the decree, (1) as to the custody of the children; (2) as to alimony yet to accrue; and (3) as to alimony past due.

I.   The law in this state is well settled that, where there is a material change in the conditions or fitness of the parties, or the welfare of the children would be promoted thereby, the court has the power to modify the decree with reference to the custody of the minor children.   *Koontz v. Koontz*, 25 Wash. 336, 65 Pac. 546; *Irving v. Irving*, 26 Wash. 122, 66 Pac. 123; *Kane v. Miller*, 40 Wash. 125, 82 Pac. 177.   The appellant's demurrer admits all the facts as alleged in the petition which are well pleaded.   Assuming, then, that the facts are as stated in the petition, the welfare of the children would be better served at the present time by awarding their custody to the father.   On this branch of the case the facts stated in the petition were sufficient upon demurrer to entitle the respondent to the relief sought.

II.   As to the alimony yet to accrue, the law reposes in the court the power to modify the decree as the conditions and circumstances of the parties may change from time to time.   *Poland v. Poland*, 63 Wash. 597, 116 Pac. 2; *Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634; *Harris v. Harris*, 71 Wash. 307, 128 Pac. 673.   The appellant in her brief does not appear to seriously contend that the law is otherwise

than as above stated as affecting the custody of the children and alimony yet to accrue.

III.   On the question of the power of the court to modify the decree as to those installments of alimony past due and unpaid, the law appears to be that such power does not exist. The rights and liabilities of the parties with reference to such installments become absolute and fixed at the time provided in the decree for their payment, and as to such the decree is not subject to modification. In *Craig v. Craig*, 163 Ill. 176, 45 N. E. 153, it is said:

"In the case at bar it was error to set aside and cancel alimony which had already accrued and was due to plaintiff in error under the decree. The amount of such alimony was a debt due from the defendant James R. Craig to the beneficiary in the decree, and the latter had a vested property right therein, which the court was not authorized to take away from her."

In *Harris v. Harris, supra,* speaking upon the same question, it was said:

"The only final feature of judgments of this character is as to each installment of alimony as it becomes due. As to these installments, the rights and liabilities of the parties become absolute and fixed at the time provided in the decree for their payment, and to this extent the judgment is a final one."

It was error, therefore, for the court to modify the decree as to the installments of alimony which had accrued at the time of the hearing, and to this extent the judgment must be modified by excepting from its operation the alimony already accrued.

The cause will be remanded to the superior court with direction to modify the judgment as herein indicated.

ELLIS, FULLERTON, and MORRIS, JJ., concur.