[No. 19167.  Department Two.  June 27, 1925.]

EDWIN SELVIN, *Respondent,* v. C. H. SELVIN, *Appellant.*[1]

DIVORCE (89)—ALIMONY—ENFORCEMENT—CONTEMPT PROCEEDINGS—ORDER OR JUDGMENT. Upon finding defendant guilty of contempt in failing to pay alimony, it is error, after finding the amount that defendant is now able to pay, to order that no contempt proceedings shall ever be instituted against the defendant for the payment of the balance.

Appeal from an order of the superior court for King county, Lindsley, J., entered October 17, 1924, adjudging defendant guilty of contempt in failing to pay alimony under a divorce decree. Modified.

*Riddell & Brackett,* for appellant.

*Tucker, Hyland & Elvidge* and *Mary H. Alvord,* for respondent.

MACKINTOSH, J.—The trial court found the respondent to be in default in his payments of alimony due the

[1]Reported in 237 Pac. 304.

appellant under a divorce decree, in the sum of $2,565, and ordered that respondent pay $565 on that sum before a certain date, otherwise to stand committed until the payments should be made. The order further provided: "No order in contempt proceedings against the said plaintiff for his failure to pay the balance of the said $2,000 shall ever be made, but that as to the enforcement of the payment of the same, the defendant be relegated to execution or other process as in the collection of a debt." The appeal attacks this quoted portion of the order, and also the refusal to find that the amount in which the defendant was delinquent was $300 greater than the amount determined by the court.

Upon our examination of the case, we are not disposed to interfere with the trial court's findings as to the amount due, but must agree with the appellant's contention in regard to the order preventing the appellant in the future from attempting to collect the balance of the delinquent alimony by contempt proceedings.

The court, upon the trial of the case, found, in effect, that the sum ordered paid at that time was as much as the respondent was able to pay, and that if he paid that amount he would not be in contempt at that time for failure to pay the balance, but the court was in error in forever barring the appellant from attempting to collect the balance by the customary process, if at any time the respondent should be so circumstanced as to be able to make the payment.

The portion of the order quoted will be stricken and to that extent the judgment of the trial court modified.

TOLMAN, C. J., MITCHELL, FULLERTON, and HOLCOMB, JJ., concur.