[No. 23189. *En Banc.* December 15, 1931.]

LOUISE PAULINE PHILLIPS, *Respondent,* v. MARION ROSS PHILLIPS, *Appellant.*[1]

*Bundy & Swale,* for appellant.
*Rummens & Griffin,* for respondent.

[1]Reported in 6 P. (2d) 61.

MITCHELL, J.—This is a contempt proceeding brought by Louise Pauline Phillips in January, 1931, against Marion Ross Phillips, because of his failure to pay support money. The appeal is from an order of the superior court adjudging him to be in contempt of court, but that the same might be purged by his paying plaintiff fifty dollars per month beginning as of January 1, 1931, until the sum of $1,839 is paid, else he be committed to jail and confined until released by order of court.

The record discloses that the parties were divorced by a judgment of the superior court for King county, in which cause a decree was entered in January, 1925, by the terms of which appellant was ordered to pay to the respondent, for the support of herself and their sixteen year old daughter, one hundred dollars per month until the daughter should arrive at the age of twenty-one years, and for one year thereafter to pay to the respondent fifty dollars per month.

The first assignment of error questions the power of the court to enforce, by contempt proceedings, unpaid accruals of alimony under the decree.

The rule in this state is contrary to this contention. As to installments of alimony,

" . . . the rights and liabilities of the parties become absolute and fixed at the time provided in the decree for their payment, and to this extent the judgment is a final one." *Harris v. Harris,* 71 Wash. 307, 128 Pac. 673; *Beers v. Beers,* 74 Wash. 458, 133 Pac. 605.

The party to whom such payments are to be made has, to the extent of alimony due and unpaid, such an interest therein that the court has no power to take it away. *Beers v. Beers,* 74 Wash. 458, 133 Pac. 605; *Selvin v. Selvin,* 135 Wash. 186, 237 Pac. 304; *Kinne v. Kinne,* 137 Wash. 284, 242 Pac. 388; *Rehberger v.*

*Rehberger,* 153 Wash. 591, 280 Pac. 8; *Boudwin v. Boudwin,* 159 Wash. 262, 292 Pac. 1017.

In *In re Cave,* 26 Wash. 213, 66 Pac. 425, 90 Am. St. 736, it was held, according to the syllabus:

"Under the inherent power of a court to enforce its decrees and orders according to its equity powers, a decree for alimony may be enforced by attachment for contempt, even in the absence of a statute authorizing such procedure,"

and in the opinion in that case it was said:

"In this state no rule is provided by statute for the enforcement of such decrees, but the rule of attachment has been generally followed in the practice and approved by this court,"

and, in *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721, contempt proceedings is mentioned as one of the means provided by law for the collection of alimony.

The contention made in the second assignment of errors is that, admitting such power, the exercise of it is discretional with the trial court, and that the entry of such coercive order under the facts in this case constituted an abuse of discretion requiring a reversal.

It appears that the amount of alimony fixed in the decree was agreeable to the appellant at that time. For several months after the decree was entered, his earnings were considerably reduced, resulting in his paying no alimony for a while, whereupon he was brought into court in contempt proceedings, but was allowed to go upon an oral understanding that, if he would pay seventy-five dollars per month, contempt proceedings would not be enforced against him. A number of times thereafter he was cited in contempt for failure to make payments, but was allowed to go each time on payment of seventy-five dollars per month and finally on payments of fifty dollars per month, not as modifications

of the decree as to total amounts to be paid, but as being sufficient to save him from being in contempt. It also appears that, at times, he paid one hundred dollars per month for short intervals.

Subsequent to the decree, and at a time not shown by the record, appellant was married the second time, and thus assumed the burden of caring for another family, which, however, did not relieve him from the obligation fixed by the decree. *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 Pac. 86, 62 L. R. A. 974.

Finally, upon his failure to make payments the present proceedings were brought. He filed an affidavit in the nature of testimony, and testified orally at the hearing. There is no suggestion of willingness on his part to pay anything in the future. The gist of his position and argument is that he is not able to pay.

In *Croft v. Croft,* 77 Wash. 620, 138 Pac. 6, in discussing this subject, the case of *State ex rel. Smith v. Smith,* 17 Wash. 430, 50 Pac. 52, was reaffirmed as follows:

"It is the duty of courts to enforce their orders, and when it comes to their knowledge that such orders are not obeyed they should require and enforce such obedience by punishment for contempt. The rule is that the burden of showing inability to comply with an order of this nature is upon the respondent. This is so well settled that we deem it unnecessary to make any citations from the numerous lines of authorities upon the subject."

No such showing was attempted by the appellant here. In his answering affidavit, he stated that his obligations for doctor's bills, grocery bills and other living expenses had accumulated, he promising such creditors to commence making payments about the time this hearing occurred, and that, after setting apart a sufficient amount of his salary to pay his in-

debtedness, other than the alimony, he did not have enough left to provide more than the necessities of life for himself and family. Significantly, there is not in the record one word of detailed information concerning the amount of the doctor's bills, grocery bills or living expenses referred to by him; nor as to what such things had amounted to during preceding years after the decree providing for alimony had been entered.

Instead, therefore, of meeting the burden of showing inability to pay, he simply states a conclusion in requesting the exercise of a favorable judicial discretion. The appellant, in open court, testified: "Two hundred fifty dollars per month has been my salary earnings since the decree. I have made payments regularly, monthly, since the last contempt proceedings in 1926." This and other evidence in the case clearly support the finding of the trial court:

"  .  .  . That the defendant at all times has had the financial ability to pay the plaintiff the sum of fifty dollars per month and has an earning capacity and has been earning the sum of two hundred fifty dollars per month, and, from all of the evidence, the court finds that the failure of the defendant to pay plaintiff the aforesaid sum at the rate of fifty dollars per month is willful and contemptuous."

Clearly, in our opinion, there was no abuse of discretion on the part of the trial court in making the order complained of.

The third contention on the appeal is that payments which accrued more than six years prior to the commencement of this proceeding in contempt are barred by the statute of limitations. To this contention there are two answers. First, the record fails to show that any such plea or defense was made in the trial court; second, more than six thousand dollars of alimony accrued under the terms of the decree, of

which total amount only $1,839 remained unpaid, according to the court's finding incorporated in the present judgment; and there is no finding, or requested finding, that, after the application of payments made, any installment of alimony beyond the period of the statute of limitations remains unsatisfied.

Judgment affirmed.

PARKER, MAIN, BEALS, MILLARD, BEELER, HERMAN, and HOLCOMB, JJ., concur.

TOLMAN, C. J. (dissenting)—When this case was first heard in Department, it was assigned to the late Judge Fullerton for opinion, and he prepared that which is hereinafter quoted, which failed of majority support. In my judgment, the views expressed by Judge Fullerton are sound, just and equitable, and should prevail for the reasons stated by him.

And in addition thereto, I may say that the allowance to the respondent was specifically made for the support of herself and the minor daughter, and was strictly limited to the period which would expire one year after the daughter reached the age of twenty-one years. Respondent and her daughter have had support, perhaps not wholly or sufficiently, from the appellant; but still they have had the means of livelihood. Now that the period to which they were entitled to support by the decree has fully expired, the remaining unpaid portion of the support money, if paid to respondent, will be capital in her hands, or if not that, at the most, it will be a capital fund from which to repay what she may have borrowed for her support in the period referred to. In other words, the money can only be used now as accumulated capital or as a fund from which to pay indebtedness, and therefore it is on a par with ordinary contracts involving the payment of money; and the extraordinary power of a court of

equity ought not under these circumstances to be exercised to force its payment by contempt proceedings.

I adopt as my views the opinion prepared by Judge Fullerton, which is as follows:

"This appeal is from an order adjudging the appellant to be in contempt of court. The record discloses that, in January, 1924, in an action for a divorce pending between the appellant and the respondent, a decree of divorce was entered in favor of the respondent. By the terms of the decree, the appellant was ordered to pay to the respondent, for the support of herself and their sixteen year old daughter, one hundred dollars per month until the daughter should attain the age of twenty-one years, and to pay to the respondent for one year thereafter fifty dollars per month. At the time of the decree, the appellant was employed at a salary of two hundred fifty dollars a month. Soon thereafter he lost his employment and was practically without income for about six months, during which time he paid no alimony. In June, 1924, he was cited for contempt. On the hearing he was purged of the contempt for past defaults and ordered to pay seventy-five dollars per month for the future, which the court found was all he was able to pay. From that time on until the termination of the decree the appellant substantially complied with this order, paying seventy-five dollars per month until the daughter became of age and fifty dollars per month until one year thereafter, except for such times as he was excused by the court.

"On January 5, 1931, the appellant was cited for contempt for failing to pay the difference between the sums accrued under the original decree of January, 1924, and the amount of the actual payments, the deficiency amounting to $1,839. Upon a hearing, he was adjudged to be in contempt, but it was ordered that he might purge the contempt by paying the respondent fifty dollars per month until $1,839 should be paid, in default of which he should be committed to jail.

"The appellant has no property except personal effects. He is in debt for doctor's bills, grocery bills and other family expenses, and has no means of paying

them and maintaining his family save from his salary of two hundred fifty dollars per month. The respondent has employment that furnishes her bed and board and forty dollars per month. The daughter of the parties was self-supporting after 1927, and married in 1929.

"The appellant concedes that, inasmuch as the divorce decree was never modified, he is indebted to the respondent for the difference between the total of the sums required to be paid by him under the decree and the total of the sums he has actually paid; but he contends that, under the circumstances shown, the court had no power to punish him for contempt for failure to pay the deficiency, or if such power exists, it is within the discretion of the court whether or not it should be exercised to coerce payment, and that it was an abuse of discretion so to exercise it. With this latter contention we are constrained to agree.

"An application to punish for contempt is addressed to the discretion of the court. *Surry v. Surry,* 78 Wash. 370, 139 Pac. 44; 13 C. J., Tit. Contempt, Sec. 74, p. 54, and cases cited in note 42. In the case before us, the appellant has been repeatedly cited to show cause why he should not be punished for contempt for delinquencies in making payments as required by the decree, and each time his past contempts, if they were contempts, were purged because of his limited financial ability, and each time the court specified what sums he should pay thereafter in order not to be in contempt. The appellant, almost without exception, complied with the directions of the court. Presumably, the court each time ascertained the necessities of the respondent and the daughter and the appellant's ability to pay, and so gauged the size of the ensuing monthly payments that ought to be exacted. The period during which the decree and the subsequent orders of the court required the appellant to provide for the respondent's maintenance has expired, and she is now able to support herself and is doing so. The appellant is in straitened financial circumstances, with another family of three besides himself to provide for, and his ability to pay seems more likely to diminish than to improve. The appellant has not been guilty of actual contumacy or

contemptuous disobedience of the decree or orders of the court. In view of all the circumstances, we consider that payment of the unpaid accumulations under the divorce decree ought not to be coerced by contempt proceedings, but that the respondent should be relegated to such other processes as may be available to her, as in the case of judgments generally.

"The order appealed from is reversed, with a direction to dismiss the application without costs. No costs will be allowed the appellant in this court."

For all of the reasons thus expressed, I dissent.