[No. 30713. Department Two. March 4, 1949.]

TED L. WILCOX, *Appellant,* v. VIOLET WILCOX, *Respondent.*[1]

[1]Reported in 203 P. (2d) 328.

*Virgil Scheiber,* for appellant.

*Donald Simpson,* for respondent.

GRADY, J.—On October 26, 1943, an interlocutory order of divorce was awarded to Ted L. Wilcox, the appellant, from his then wife, Violet Wilcox, the respondent, who, by virtue of her remarriage, is now Violet A. Stiltner. The respondent made no appearance in the divorce action, and no finding was made by the court as to her fitness to have the custody of Paula Rae Wilcox, the minor child of the parties, then of the age of five years. The court found that the appellant was a fit and proper person to have the custody of the child awarded to him and that respondent was willing that he have her custody. The interlocutory order awarded the custody of Paula Rae Wilcox to appellant with the right of visitation by respondent.

On February 5, 1948, the respondent filed a petition praying for an order of the court modifying the interlocutory order to the extent that the custody of Paula Rae Wilcox be awarded to her, subject to the right of visitation by the appellant. A hearing was had upon the petition, the parties appearing in person and by their respective counsel, evidence was submitted, and the trial judge conferred with the child. He then rendered an oral decision finding and concluding that the welfare of the child would best be served by her custody being awarded to her mother from September to June each year and to her father during the other months of the year, and a modified order was entered March 24, 1948, from which the appellant has taken this appeal.

The appellant assigns as error the finding and conclusion of the court that there had been legally a sufficient change in conditions to authorize the court to modify the interlocutory order, and in awarding the respondent the custody of Paula Rae Wilcox.

The question of the power of the court to modify a

custody order has been before this court on many occasions, and we have adopted the rule that the court has such power when (a) there has been a material change in the conditions or fitness of the parties, or (b) the welfare of the children would be promoted thereby. *Beers v. Beers*, 74 Wash. 458, 133 Pac. 605, and prior cases cited in the opinion; *White v. White*, 24 Wn. (2d) 52, 163 P. (2d) 137. The *Beers* case has been cited and followed in our subsequent cases and the rules pronounced therein have not been modified. In applying the foregoing rules, the court has had in mind as a paramount consideration the welfare of the minor children.

The parties to this appeal recognize the foregoing rules, but in their briefs and in the arguments made by their respective counsel before this court they are not in accord as to whether there was such a change in the conditions surrounding appellant and respondent since the entry of the interlocutory order as to justify a modification of that order, or whether the welfare of Paula Rae Wilcox would be promoted by the modification made by the court.

The trial judge, after hearing the testimony of the parents of Paula Rae Wilcox and the witnesses called by them, and having had the benefit of a private conference with her, based his conclusion to modify the interlocutory order upon the following situation:

Paula had reached the age of ten years. Her father and mother were of good moral character and bore an excellent reputation in their respective communities. During the several years the father had the custody of his daughter she had been with his relatives in South Dakota, and while in the state of Washington had resided with persons who had given her very good care and attention. The father usually boarded at the places where the child resided and worked in various classes of employment. There was evidence tending to show that the wardrobe of the child had become quite depleted and that her father had at times been financially unable to pay her board and lodging. The father was not assured of steady employment, and the

child was likely to have different and changing places of abode. The mother has a good home; her husband was engaged in a business from which he derived a substantial income, and he expressed to the court his willingness that the child share his home and receive from him the same care and attention as he would bestow upon a child of his own. Members of respondent's family were residents of the same community in which she resided.

The appellant and respondent did not appear to bear any ill will towards each other, and there was nothing to indicate that while the child was in the custody of either her father or mother any attempt would be made to alienate her affections from either parent. Both parents appeared to be deeply interested in the welfare of their child. The feeling between the appellant and Mr. Stiltner was friendly.

The trial judge stated that he was much impressed with the child and found she had an unusual amount of sense and judgment for one of her age. He had found out from her that she desired to learn how to sew and cook and do the things other little girls did. He was of the opinion that, although the lady with whom Paula then was residing was a very good person, she could not receive the same affection as would be bestowed upon her by a natural mother. The trial judge took a comprehensive view of the whole situation and concluded that it would be to the best interests of Paula Rae Wilcox that she be in the custody of her mother during the months of the normal school year and with her father during the vacation months, with broad privileges of visitation by both parents.

█ In reviewing the action of the trial court, we must bear in mind that the law invests such court with a broad discretion in matters involving the welfare of minor children. Our review of the record has caused us to be in full accord with the views expressed by the court in making its decision.

The modified order entered by the court is affirmed.

JEFFERS, C. J., ROBINSON, BEALS, and SCHWELLENBACH, JJ., concur.