[No. 31283. Department One. September 22, 1950.]

MARGARET E. WHEELER, *Appellant*, v. THURLOW W. WHEELER, JR., *Respondent*.[1]

[1] Reported in 222 P. (2d) 400.

*Bayley, Fite, Westberg & Goodin,* for appellant.

*James M. Ballard,* for respondent.

BEALS, J.—The plaintiff, Margaret E. Wheeler, and the defendant, Thurlow W. Wheeler, Jr., intermarried in February, 1936. Their first child, Thomas, was born in 1937, and a second son, Robert, was born in 1940. February 15, 1944, plaintiff filed in the office of the clerk of the superior court for King county a complaint, asking for a divorce from defendant and praying that the custody of the minor children be awarded to her, and that the defendant be directed to pay one hundred dollars a month for their support. The

complaint further alleged that the parties had agreed upon a division of their community property which, in the opinion of the plaintiff, was fair and should be approved by the court.

Defendant defaulted, and March 20, 1944, the cause was heard, the court entering appropriate findings of fact, from which it concluded that plaintiff was entitled to an interlocutory order of divorce awarding to her the custody of the children of the parties, "subject to defendant's right of reasonable visitation and subject to the right of the defendant, if he so desires, to have the companionship of the said children during the summer school vacations." The court also found that the property settlement between the parties should be approved, and that the defendant should pay to plaintiff fifty dollars a month toward the support of each of the two minor children until further order of the court. The same day, the court signed an interlocutory order in accordance with the findings of fact and conclusions of law, the final decree of divorce having been signed and filed September 29, 1944.

December 11, 1948, the defendant filed his petition, asking that the interlocutory order be modified and alleging that, by agreement of the parties, the payments which defendant was required to make for the support of the children had been reduced to seventy dollars a month; that defendant had remarried, and that plaintiff, with the children, had moved to the state of New York, where her parents resided, and had refused to permit the children to visit defendant in accordance with the terms of the interlocutory order. Defendant asked that the custody of the children be awarded to him, and for such other relief as would be appropriate.

In due time, plaintiff asked that she be awarded money to enable her to prepare her defense; that defendant be required to pay the cost of transportation for the children and herself from New York to Seattle, and that defendant be required to pay fourteen hundred forty dollars alleged to be due under the interlocutory order, on account of the children's support.

After further proceedings, which need not be referred to, plaintiff and her children came to Seattle, and a hearing was had upon defendant's petition, each party being represented by counsel. Testimony was taken and, the children being present, the court interviewed them, in the absence of their parents but in the presence of counsel for both parties.

In the findings of fact entered by the trial court, it is stated that plaintiff "deliberately refused to grant the defendant the right of having the children with him during the summer vacation of 1948"; that plaintiff had failed to have the children write to their father "even when he forwarded them gifts at Christmas time, birthdays, etc."; that support money was due plaintiff from the date of the interlocutory decree to December 14, 1945, "but that no accounts were kept and it is impossible for the Court to determine with any degree of accuracy the amounts to which she is entitled"; that, in December, 1945, the parties had entered into an agreement whereby plaintiff "waived all claim for any amounts in excess of $70.00 per month"; that, March 20, 1944, subsequent to the property settlement agreed upon between the parties February 14, 1944, defendant had conveyed his interest in the home of the parties to plaintiff; that the defendant was entitled to one half of the net proceeds from the sale of that property, all of those proceeds having been used by plaintiff for her support and that of the children; that the support money due under the interlocutory order was offset by the proceeds from the sale of the property, and that neither party was then indebted to the other in any amount, except for transportation costs.

The court further found that the defendant had remarried; that two children had been born to him; that he was not in a financial position to take his two older children into his family; that the children had become settled in their mother's home; that the mother was about to be remarried, and that it was not desirable "to alternate the children with the parties one year at a time." The court also found that defendant and his present wife were fit and proper persons to have custody of the children, and that "the basic legal

custody of the said minor children should be changed to the defendant to insure the rights of visitation and custody of the minor children" to defendant during the summer vacations.

The trial court then concluded that plaintiff had violated the interlocutory order and had not acted in good faith with reference to the children's relationship with their father; that there was no sum due plaintiff from defendant under the interlocutory order; that the legal custody of the children should be awarded to defendant to insure his rights of visitation, and that the interlocutory order should be modified by reducing the monthly payments to be made by defendant to plaintiff to the sum of fifty dollars a month while the children were residing with her.

The court then entered an order in accordance with the conclusions of law, from which order plaintiff has appealed.

Appellant makes the following assignment of errors:

"(1) The trial court erred in changing the basic legal custody of the minor children from appellant to respondent.

"(2)  The trial court erred in denying appellant's motion for payment of support money in arrears.

"(3) The trial court erred in holding that payments of support money to appellant should be reduced from $100.00 to $50.00 per month.

"(4) The trial court erred in holding that respondent is entitled to one half of the net proceeds from the sale of the home of the parties."

It may be observed that appellant makes no assignment of error based upon any finding made by the trial court, her assignments of error being based upon the trial court's conclusions.

The transcript filed by appellant contains a motion for an order requiring respondent to show cause why he should not make the payments provided for in the interlocutory order, together with appellant's affidavit in support of the motion. From the statement of facts, it appears that, during the trial, this affidavit was called to the attention of the trial court and opposing counsel.

A supplemental transcript was filed by respondent at a later date, containing two of respondent's affidavits.

These affidavits were never made a part of the statement of facts nor does the statement contain any mention of either affidavit, and, upon the record before us, the affidavits cannot be considered. *Whittaker v. Weller*, 21 Wn. (2d) 716, 152 P. (2d) 957, 155 P. (2d) 284, and cases therein cited.

In connection with appellant's assignments of error, certain fundamental principles applying to a case such as this must be borne in mind.

Where both parents are proper persons to have the custody of minor children and where they show an equal interest in their offspring, it is, of course, to the advantage of all concerned if the children spend some of their time with each parent. It is also true in many cases, particularly where the children are young, that the mother should have some preference.

In the case at bar, it appears that appellant is employed. The children now being thirteen and ten years of age respectively, the matter of the mother's employment is less serious than it would be if they were younger.

In the case of *Pardee v. Pardee*, 21 Wn. (2d) 25, 149 P. (2d) 522, appears the following:

"The court, in arriving at what would be best for the welfare of these young children, had many things to consider— not only the fitness of the respective parties, but also the homes to which the children would be taken, the financial ability of respondent to provide for the children wherever situated, and other questions which the trial court was certainly better able to determine from observing all the witnesses than are we from reading a cold record."

In the later case of *Rogers v. Rogers*, 25 Wn. (2d) 369, 170 P. (2d) 859, we said:

"We have so often held that the welfare of the children is the main consideration in a case of this kind, and that the trial court is better able to determine that question than this court, that no citation of authority would seem to be necessary. *Pardee v. Pardee*, 21 Wn. (2d) 25, 149 P. (2d) 522; *Jones v. Jones*, 23 Wn. (2d) 657, 161 P. (2d) 890.

"We have also stated that in cases of this nature we will give great weight to the conclusions of the trial court, and consequently its findings will not be changed unless an

abuse of discretion patently appears. *Eliason v. Eliason,* 10 Wn. (2d) 719, 118 P. (2d) 170."

The trial court, by finding No. 7, declared that appellant should continue to have the children with her during the school year and that respondent should have them during summer vacations, as provided in the interlocutory order, and that he should also enjoy the right of visitation whenever he should be in their neighborhood. The finding continues by stating that appellant was about to be remarried; that both she and her prospective husband were fit persons to have custody of the children, and that, apparently, they would have a combined income of approximately fifty-eight hundred dollars a year.

While holding that respondent should have custody of the children, the trial court nevertheless ordered that they should remain with their mother the same portion of each year during which she was authorized to have them by the interlocutory order.

We are of the opinion that the same result may be better attained by awarding the custody of the children to the parents jointly, with the provision that the mother shall have them with her during the periods provided by the interlocutory order, and that respondent father shall have them during the summer vacation.

The trial court was convinced that the mother had been antagonistic to the right of the father to maintain contact with his children or do anything in connection with them save contribute to their support. The record before us supports this theory.

Appellant contends that respondent had no ground upon which to request a modification of the decree in regard to custody of the children while he was in arrears in his payments to appellant.

This contention is answered by the case of *Anderson v. Anderson,* 27 Wn. (2d) 122, 177 P. (2d) 83, 6 A. L. R. (2d) 831, in which we said:

"Appellant further contends that the lower court should not have heard the case because respondent was in arrears in paying support money.

"In *State ex rel. Jones v. Superior Court*, 78 Wash. 372, 139 Pac. 42, Judge Chadwick, speaking for the court, stated, on p. 376:

" 'It is also insisted that we should not hear the petition of the relator because he is in default in his payments of alimony. Granting that the record shows that he is in default in the payment of past due alimony, we are not content to hold it to be the law that a party who is in default cannot be heard. When the statute puts no such burden upon litigants, courts should not.' "

The trial court found that, immediately after the entry of the interlocutory order, appellant "secretly made up her mind to take the children to the other side of the country, which fact she did not communicate to the defendant."

■ Appellant was within her rights when she took the children to New York, where her parents resided, and this act nowise relieved respondent from paying money for the support of the children, as provided in the interlocutory order. *Lear v. Lear*, 29 Wn. (2d) 692, 189 P. (2d) 237.

We agree with the trial court that respondent should enjoy a more formal judicial protection of his right to have the children with him during the summer vacation than was granted him by the interlocutory order and confirmed by the decree of divorce, and, by granting the parents joint custody, his rights will be fully protected.

Appellant next assigns error upon the ruling of the trial court in connection with the payment by respondent of arrearages in the support money awarded.

■ It appears that, when the parties made the property settlement (which was later approved by the court), it was agreed that the improved property which they jointly owned should be sold and the proceeds divided equally between them. A short time later, respondent executed and delivered to appellant a quitclaim deed to the property. Thereafter, appellant sold the property and testified that she had used the net proceeds for the support of the children. Under the property agreement, one half of this amount belonged to respondent, and we agree with the trial court that his substantial share of the proceeds from the property should be offset against unpaid installments of sup-

port money which respondent was obligated to, but did not, pay.

Respondent contends that he deeded the property to his former wife so that she would have a home for herself and the children. The record discloses no reason for supposing that the deed of the property to appellant was intended as a gift.

From the evidence, the trial court was unable to determine definitely the amount of the arrearages from March, 1944, to December, 1945. However, appellant admitted that respondent had paid her two hundred fifty dollars during this time. From December, 1945, to the date of the hearing, pursuant to an agreement with appellant, respondent paid her seventy dollars a month, instead of the one hundred dollars a month awarded to her by the interlocutory order.

In the case of *Herzog v. Herzog*, 23 Wn. (2d) 382, 161 P. (2d) 142, we said:

"That a mother cannot waive the provisions of a decree for a minor child's support, needs no citation of sustaining authority."

In the case cited, it was also held that, under an order for the payment of money in monthly installments by one parent to the other for the support of the minor child of the parties, as each monthly payment accrues, it becomes a judgment and comes within the purview of the six-year statute of limitations applying to judgments.

In the case of *Mosher v. Mosher*, 25 Wn. (2d) 778, 172 P. (2d) 259, an action based upon a judgment of a court of the state of Oregon awarding a divorce to the plaintiff wife, and directing that the husband pay to the wife certain sums each month for the support of the minor children of the parties, this court held that:

"The children were the direct parties in interest. The plaintiff, their mother, merely received the money as their trustee, and could not legally surrender the rights of her children, or in any way cancel, in whole or in part, the obligation which the Oregon court imposed upon their father in the divorce action. That could only be done by the court itself. [Citing cases and authorities.]"

In the case of *Beers v. Beers*, 74 Wash. 458, 133 Pac. 605, it was held that, while the superior court had authority to modify a decree of divorce in regard to the custody of the minor children, and reduce the amount of alimony ordered to be paid in so far as future payments were concerned, it had no authority to modify the decree as to installments which had accrued at the time of the hearing.

The cases of *Boudwin v. Boudwin*, 159 Wash. 262, 292 Pac. 1017, and *Phillips v. Phillips*, 165 Wash. 616, 6 P. (2d) 61, are to the same effect. The case of *Pishue v. Pishue*, 32 Wn. (2d) 750, 203 P. (2d) 1070, is also of interest in this connection.

■ Apparently, no legal guardian was ever appointed for the children. Under the authorities above cited, appellant had no authority to waive all or any portion of the payments which the court had ordered respondent to make, in the absence of an order of the superior court reducing the payment. However, respondent should be credited with his share of the proceeds of the real estate as against the payments due for the children's support.

Under the third assignment of error, appellant argues that the trial court erred in reducing the amount of the payments to be made to her for the support of the children from one hundred to fifty dollars a month.

■ Upon the facts disclosed by the record, we hold that, in reducing the future payments for the boys' support to fifty dollars a month, it does not appear that the trial court abused its discretion. If, in the future, appellant should be of the opinion that this amount should be increased, she may, by a proper application to the superior court, present that question for further consideration.

Finally, appellant assigns error upon the court's ruling that respondent was entitled to one half of the net proceeds from the sale of the real estate.

The trial court did not err in holding that this portion of the proceeds of the property belonged to respondent and in crediting it against the sums due under the decree for the support of the children.

The order appealed from is reversed in the particulars referred to, and the cause remanded to the superior court, with instructions to enter a new order awarding the parents joint custody of the children, that award to provide that appellant shall have the children during the school year, and that respondent shall be entitled to have them in his custody during the summer vacations. These provisions, of course, to be subject to modification by the superior court as the court shall deem just and wise, upon the application of either party.

The order will be further supplemented by awarding judgment in appellant's favor and against respondent for the difference between the amount which respondent was ordered to pay for the support of the children, namely, one hundred dollars a month, and the amount which he did pay appellant, from the date of the entry of the interlocutory order to the date of the entry of the order from which this appeal is prosecuted. Against this award, respondent shall have credit for the net amount which appellant received from the sale of respondent's one-half interest in the real estate. Of course, respondent should not be charged with the support of the children or either of them while either or both were with respondent.

In other respects, save as hereinabove set forth, the order appealed from is affirmed.

SIMPSON, C. J., GRADY, and DONWORTH, JJ., concur.

SCHWELLENBACH, J. (dissenting in part)—I disagree with the following statement of the majority:

"Where both parents are proper persons to have the custody of minor children and where they show an equal interest in their offspring, it is, of course, to the advantage of all concerned if the children spend some of their time with each parent."

We have stated many times in divorce cases that the welfare of the children is the paramount concern of the courts. When a couple come into a divorce court admitting the failure of their marriage, they place upon the court the responsibility for the future welfare of their children. Their only

right in their children, from then on, is such right as is given to them by the court in the exercise of its discretion.

In the instant case the interlocutory order gave the custody of the children to the mother, subject to the right of reasonable visitation by the father, and subject to his right, "*if he so elects*, to have the companionship of said children during the summer vacations of their school terms." The father did not so elect from 1944 through 1946. In 1947, when he elected to take the children, they were sent to him. He so elected again in 1948, but the children were not sent to him, and this proceeding for change of custody was instituted.

Although I would not have found that the mother acted arbitrarily in not sending the children to their father in 1948, still I cannot say that the record clearly preponderates against such finding by the trial court. However, I cannot agree with the court's conclusion that the custody of the children should be taken from the mother and given to the father. There is nothing in the record to show that the mother was not fit to have their custody. The court was interested in punishing the mother rather than in the welfare of the children. By so doing the judge acted as arbitrarily as the mother, instead of exercising the judicial discretion which the law places upon him in such matters.

At any rate, I cannot agree with the majority that the custody should be awarded jointly to the parents. It has been my experience as a trial judge that joint custody does not bring satisfactory results. Divided responsibility ends too often in constant bickering between the parents, each trying to exert authority—all to the detriment of the children. I believe that the interests of the children would best be served if their custody remained in the mother, with the right of the father, whenever he so elects, to have them during the summer vacations. I do not believe that the mother will disobey such a mandate.