[No. 32599. Department One. December 28, 1953.]

JUNE SANGES, *Appellant*, v. JOHN SANGES, *Respondent*.[1]

[1]Reported in 265 P. (2d) 278.

*Hardy & Gaskill,* for appellant.

*John P. Mucklestone,* for respondent.

WEAVER, J.—Is it an abuse of discretion for the trial court to modify a decree of divorce and relieve the husband from paying support money for a child, so long as his former wife violates the specific terms of the decree restraining her " . . . from removing said child from King County, Washington without the written consent of the defendant [husband] or by order of this Court, except for an occasional visit . . ."?

The parties were divorced October 17, 1952. The wife was given permanent custody of their minor daughter and a judgment against the husband for sixty dollars per month support money for the child. The husband was given the right to visit the child at all reasonable and proper times and places.

In November, 1952, the wife moved to California and took the child with her. December 1, 1952, by registered letter, the husband's counsel demanded that the wife return the child to King county. The demand was ignored. The husband filed a petition to modify the decree of divorce. By counsel, the wife made a general appearance. She did not request that the decree be modified in any respect; she asked that it be enforced. On May 8, 1953, after hearing upon the husband's petition, the trial court modified the decree of October 17, 1952,

" . . . by adding thereto to the provision requiring the defendant [husband] to pay the sum of $60.00 per month as support money for the minor child of the parties that the defendant shall be and is relieved of the payment to the plaintiff [wife] of any support money for the minor child of the parties hereto as long as the plaintiff violates the said decree by removing and keeping said child from King County, Washington, without the written consent of the defendant [husband] or by order of this Court except for an occasional visit, commencing with the month of March, 1953."

The wife appeals from the order modifying the decree of divorce.

█ A change of residence of a child, by a parent to whom custody has been awarded, is not a violation of a decree awarding visitation rights to the other parent, *in the absence of a decretal prohibition to the contrary* (*Lear v. Lear,* 29 Wn. (2d) 692, 699, 189 P. (2d) 237 (1948)); and liability for support money payments is not contingent upon the continued, convenient exercise of the right of visitation. *Lear v. Lear, supra*; *Wheeler v. Wheeler,* 37 Wn. (2d) 159, 166, 222 P. (2d) 400 (1950).

When the divorce decree prohibits the one to whom custody has been given from changing the residence of a child, or prohibits moving the child from a certain area without the consent of the court, we have, on various occasions, sanctioned or authorized the removal of the prohibition. *Kirby v. Kirby,* 126 Wash. 530, 219 Pac. 27 (1923); *Jeschke v. Jeschke,* 16 Wn. (2d) 617, 134 P. (2d) 464 (1943); *Goade v. Goade,* 20 Wn. (2d) 19, 145 P. (2d) 886 (1944). We have also approved the trial court's refusal to remove such a prohibition. *Wells v. Wells,* 43 Wn. (2d) 531, 261 P. (2d) 971 (1953).

█ These cases were based upon the doctrine that the welfare of the child concerned was the primary objective to be attained, a doctrine which this court has frequently affirmed. It may be the touchstone by which all these cases are tested, but it does not automatically become the controlling doctrine until evidence is produced which requires its application.

■■ The record before us does not place in issue the welfare of the child. Appellant has chosen to produce no evidence. There is no showing that the child will suffer hardship as a result of the trial court's modification of the divorce decree. There is no showing that appellant is unable to meet her obligation to support, protect, and educate the minor; an obligation which our law casts equally upon both parents in the absence of a decree such as exists in this case. Rem. Rev. Stat., § 6907 [*cf.* RCW 26.20.020]. The award of the minor's custody to appellant, and the requirement that respondent pay for her support, did not absolve appellant from a parent's obligation. We note from the decree of divorce that appellant was awarded one-half the proceeds of an escrow of approximately eighty-five hundred dollars, which represented the sale of the marital home. The award was made seven months before the hearing upon the petition to modify.

Appellant places herself in an anomalous position. She claims the benefits of the decree while wilfully flouting a portion of it. This, she cannot do.

In *White v. White,* 71 Cal. App. (2d) 390, 392, 163 P. (2d) 89 (1945), the situation was similar to the instant case. The court said:

"As a plea for her own interests appellant's brief is a vain clamor, for it does not disclose any hardship to have been suffered by appellant. On the contrary she is basking in the chosen liberty of a new life, free from the agencies of the superior court of this state, both of which she preferred rather than compliance with its judgments. The order of which she now complains, viz., withholding payment of monthly sums from her until such time as she purges herself of contempt and returns the child to California, is not capricious, arbitrary or unreasonable but in view of the record was made in the exercise of a sound discretion."

We agree with this conclusion. The trial court did not abuse its discretion when it modified the decree of October 17, 1952.

■ The order entered must, however, be modified in one respect. Past-due installments for support money under a divorce decree constitute a fixed obligation at the time

provided in the decree for their payment, and to that extent, the judgment is a final one. The trial court did not have the power to modify the decree as to support money installments accruing prior to May 8, 1953, the date of the order modifying the decree of divorce. *Pishue v. Pishue,* 32 Wn. (2d) 750, 203 P. (2d) 1070 (1949), and cases cited; see *McGrath v. Davis,* 39 Wn. (2d) 487, 236 P. (2d) 765 (1951).

As modified, the judgment is affirmed. Respondent will recover costs.

GRADY, C. J., MALLERY, HILL, and OLSON, JJ., concur.