[No. 33148. Department Two. March 3, 1955.]

RUTH MCARDLE, *Appellant*, v. JOHN W. MCARDLE, *Respondent.*[1]

*Lincoln E. Shropshire* and *Malcolm A. McDonald*, for appellant.

*Olson & Palmer* and *J. W. McArdle*, for respondent.

MALLERY, J.—The plaintiff, Ruth McArdle, procured a decree of divorce March 26, 1954, and was given the custody

[1]Reported in 280 P. (2d) 675.

of the eighteen-month-old son. Certain visiting privileges were granted to the defendant father. The child is now about two and one half years old.

The decree further provided that after September, 1956, the father was awarded the unrestricted control of the child's religious training. The decree provided that "the Court shall retain jurisdiction of the parties in the manner and for the purposes prescribed by the laws and statutes of the State of Washington."

The parties had always lived in Yakima, where the defendant practices law. In June, 1954, the mother took the child and went to Lewiston, Idaho, to live. The defendant thereupon initiated this contempt proceeding.

Plaintiff was served with an order to show cause why she should not be charged with contempt of court for depriving defendant of his visitation rights, and why she should not be restrained from leaving the jurisdiction of the trial court. She did not appear, and the cause came on for hearing on July 14, 1954. On July 22, 1954, the trial court entered an order holding, among other things, that plaintiff was in contempt of court. She was ordered to return the child to the state of Washington, and was restrained from removing him from the state in the future or beyond a reasonable distance from the city of Yakima without express permission of the trial court. Plaintiff appealed.

■ The retention of jurisdiction by the trial court, as quoted from the decree, did not add to or detract from the statutory provisions applicable to the continuing jurisdiction of the trial court. The decree of divorce did not prohibit appellant from taking the child out of the state nor make any mandatory provision whatever as to place of residence. This proceeding is not upon a petition to modify the decree, it is for contempt only. It was not a violation of the decree nor contempt of court for appellant to do what she did. In *Lear v. Lear*, 29 Wn. (2d) 692, 189 P. (2d) 237, we said:

"In the absence of a direct prohibition against the removal of a child from this state, the fact that, by an inter-

locutory order or decree of divorce, one party to the action is awarded the custody of a minor child, subject to the right of reasonable visitation by the other parent, does not amount to a prohibition against the changing of residence of the child by the parent to whom the custody was awarded."

See, also, *Wheeler v. Wheeler,* 37 Wn. (2d) 159, 222 P. (2d) 400; *Sanges v. Sanges,* 44 Wn. (2d) 35, 265 P. (2d) 278.

The trial court found that the removal of the child to Lewiston, Idaho, interfered with respondent's control of his religious training, which had been granted to respondent. It held that the decree, by necessary implication, prohibited the removal of appellant's residence from Yakima.

We are not in accord. However, it is not necessary to pass upon that theory since the child is still only about two and one half years old, and the time fixed in the decree for respondent's control of his religious education has not yet arrived.

The trial court found that opportunities for employment of appellant were good in Yakima, and that it was not necessary, therefore, for her to remove her residence to Lewiston, Idaho.

We may concede the soundness of this *ex parte* finding. It does not change the fact that the decree did not prohibit her from going to Lewiston, and that she had a right to do so for any reason sufficient to herself. She was not in contempt of court, and this proceeding does not modify the decree.

The order on the show cause hearing is reversed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.