[No. 2616. Decided December 1, 1897.]

Del Cary Smith, *Respondent,* v. Ella W. Smith, *Appellant.*

RIGHTS OF PARTIES UNDER DECREE — FAILURE TO COMPLY WITH ITS CONDITIONS.

A party in an equity proceeding, who refuses to obey provisions of the decree therein favorable to his adversary, cannot require the court to enforce other provisions of the decree which are in his own favor.

Appeal from Superior Court, Jefferson County.—Hon. James G. McClinton, Judge. Reversed.

*A. W. Buddress* for appellant.

The opinion of the court was delivered by

Dunbar, J.—The respondent filed a petition in the court below asking for an order upon the appellant Ella W. Smith, his former wife, now divorced, to place the minor children of said appellant and respondent in the care of a suitable person to be selected by the court, in order that the respondent might see said children once a week, he having alleged in his petition that the appellant had refused to allow him to visit them in accordance with the order of the court theretofore made. This petition was moved against by appellant on the ground that the court had no jurisdiction to hear it; and the appellant also answered, setting up the fact that the respondent had not paid the alimony which had been awarded to her in the original divorce proceedings in the case; and there is no attempt on the part of the respondent to show that he had obeyed the mandates of this court, or to purge himself from the contempt he was in for not paying the same. It is true that under the decree of

this court the plaintiff was awarded the right, at reasonable times, to visit and see the minor children of the appellant and respondent, but there was another provision in this decree, viz., that the respondent (who was plaintiff in the divorce proceedings) was required to pay to the appellant here (the defendant in the divorce proceedings) for the support of said children the sum of twenty-five dollars as alimony on the first day of each and every month, commencing on the first day of November, 1896, and that he be required and directed to pay to the said Ella W. Smith for the support of the girl Frances D. Smith the sum of fifteen dollars as alimony, on the first day of each and every month, commencing on the first day of November, 1895, up to and including the first day of October, 1896; and it was further ordered that he pay the said Ella W. Smith the sum of two hundred and twenty-seven dollars and five cents, with interest thereon at the legal rate of seven per cent. per annum from the 23d day of October, 1896, until paid.

It affirmatively appears from the affidavit of the respondent that the decree of this court had not been obeyed so far as the payment of this alimony was concerned. The showing of that fact was sufficient to have defeated this application. A party can not remain in contempt in an equity proceeding, and at the same time ask the court to grant him priviliges which are conferred upon him by the decree which he has refused to obey; and it is a general rule that he can not be heard in a cause until he has cleared his contempt. And, especially, a court of equity will refuse to a defendant in contempt the benefit of proceedings in it when asked by him as a favor until he has purged himself of his contempt. *Brinkley v. Brinkley*, 47 N. Y. 40, and cases cited.

And in *Vowles v. Young*, 9 Ves. 173, it is stated by Lord ELDON that it is a general rule that a party who has not cleared his contempt can not be heard.

" It is a general rule, especially in courts of equity, that a party in contempt will not be heard to ask any favor of the court, in the case in which the contempt occurs, nor permitted to take any affirmative steps in the particular litigation, except only such as are necessary to his defence against the charge of contempt, until he has purged himself of such charge."  Rapalje, Contempts, §135;  Beach, Modern Equity Practice, §365, and cases cited;  2 Bishop, Marriage, Div. & Sep., §1095;  1 Enc. Pl. & Pr., 436.

In 4 Enc. Pl. & Pr., p. 805, the rule is thus announced:

" No rule of law seems more widely prevalent or better established than that a court whose authority has been put to naught will extend no favors or privileges to the party in contempt until he has acknowledged its authority by purging the offense."

In fact, this is the unbroken authority, and for the most obvious reasons the rule could not be otherwise.  The judgment in this case will be reversed with instructions to the lower court to dismiss the proceeding at respondent's cost.

SCOTT, C. J., and ANDERS, REAVIS and GORDON, JJ., concur.