[No. 11668. Department One. February 28, 1914.]

THE STATE OF WASHINGTON, *on the Relation of William F. Jones, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

DIVORCE—MODIFICATION OF DECREE—JURISDICTION. Jurisdiction to modify the decree continues in divorce matters, after rendition of the decree.

ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY. At common law and under the statute, the authority of the attorney continues while the matter is pending.

DIVORCE—MODIFICATION OF DECREE—NOTICE—JURISDICTION. A petition, motion or other proceeding to obtain a modification of a decree of divorce is a proceeding in the original action, and notice may be served upon the attorneys of record of the opposite party, without service of any original process on the party; since the authority of the attorney continues until he retires by leave of court or by substitution.

SAME—MODIFICATION OF DECREE—DEFENSES—DEFAULT IN PAYMENTS. That defendant is in default in the payment of alimony past due, does not preclude him from moving for a modification of the decree.

Application filed in the supreme court November 12, 1913, for a writ of mandamus to the superior court for King county, Tallman, J., to compel a hearing upon a petition for the modification of a decree of divorce. Granted.

*Vince H. Faben*, for relator.

*Douglas, Lane & Douglas*, for respondent.

[1]Reported in 139 Pac. 42.

CHADWICK, J.—The relator made application to the respondent to modify a decree of divorce in an action heretofore brought in the superior court of King county. The decree awarded a minor son to the wife of relator and provided for the payment of alimony.

A short time prior to the institution of this proceeding, relator filed a petition in the court below, accompanied by an affidavit and praying for a modification of the decree. This petition was served upon the attorneys of record for the plaintiff in the original action. The petition was, thereafter, to meet a possible objection to the procedure, supplemented by a motion. The attorneys who were served appeared and objected to the jurisdiction of the court. The court below refused to hear the petition, whereupon relator filed an application for a writ of mandamus in this court to compel the respondent to proceed to the hearing of his petition. The attorneys for the plaintiff in the original action have appeared in this court in behalf of the respondent and as *amici curiae* and have answered, praying that the writ be denied.

The respondent relies upon two propositions of law: First, that no process accompanied the petition in the court below, and for that reason the court had no jurisdiction; and second, that no service of the petition or motion was made upon the plaintiff in the original action, and that service on the attorneys of record confers no jurisdiction over the person of the plaintiff, the former wife of the relator.

It has been settled in this state that the jurisdiction of the superior court in divorce matters continues after the rendition of the decree, and that it may at any time make proper orders affecting the subject-matter of the suit. *Beers v. Beers*, 74 Wash. 458, 133 Pac. 605; *Harris v. Harris*, 71 Wash. 307, 128 Pac. 673; *Bedolfe v. Bedolfe*, 71 Wash. 60, 127 Pac. 594; *Poland v. Poland*, 63 Wash. 597, 116 Pac. 2; *Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634; *Croft v. Croft*, 77 Wash. 620, 138 Pac. 6.

It was the rule at common law, and is the rule under the statute, that the employment of an attorney continues as long as the suit or business upon which he is engaged is pending.  4 Cyc. 952.  If the superior court retains jurisdiction to modify its decree in a divorce proceeding, it follows logically that either party may, from time to time, petition the court for an order, the action not being concluded and determined by the decree, but pending, within the legal meaning of that term.  This being true, the manner of approaching the court does not rest upon any statute, nor is it governed by the special statutes defining procedure for vacating or modifying judgments.  The petition, or motion, or demand of a party, in whatever form it may be, is a proceeding in the original action.  Our general statute is not unlike that of the state of Connecticut.  In that state, the court has held that jurisdiction conferred upon the courts by the divorce statutes is a continuing authority to vary any order at the suit of either party.  The supreme court has said:

"It has been held that where jurisdiction to grant a divorce and award the custody of the infant children of the marriage once attaches, that jurisdiction is, in the absence of a statute upon the subject, a continuing one, so that the power of the court to amend, modify, or annul its order of custody, as to the welfare of the children under existing conditions may demand, ever after remains. *Hoffman v. Hoffman*, 15 Ohio St. 427; *Miner v. Miner*, 11 Ill. 43; *Williams v. Williams*, 13 Ind. 528. We, however, have no occasion to appeal to such a general principle, since we have a statute upon the subject.  It is not framed with that care and precision which ought to mark legislative action.  It cannot, however, be doubted that the intention of those who enacted it was to confer upon courts which had jurisdiction of divorce proceedings, a continuing authority, as an incident of the cause, to annul or vary any order as to the custody, care, or education of the minor children of the parties which it may have previously made, and it must be so construed.  General Statutes, § 4558." *Morrill v. Morrill*, 83 Conn. 479, 77 Atl. 1.

The court in that case held that reasonable notice of any contemplated action following the original judgment might well be required as a measure of fairness, but that such notice was not a condition upon which the jurisdiction over the cause rested.   A like ruling was made in the case of *Wells v. Wells*, 209 Mass. 282, 95 N. E. 845, 35 L. R. A. (N. S.) 561, where the court said:

"The defendant contends that these decrees were entered without any proper or sufficient notice to him, and so that they are not binding upon him.   In our opinion, these petitions were not new or independent proceedings, but were merely incidental to the original suit, of which he had had due notice and in which he had entered an appearance.   The court doubtless would take care that proper steps were taken to give him knowledge of these proceedings, but it was not necessary that personal service should be made upon him as if new actions had been instituted, unless the laws of Michigan so required.   The petitions asked only for further proceedings in the original action, proceedings which were authorized and contemplated by the terms of the statute under which the original action has been brought.   The general rule is that in such a case no personal service is needed."

So, in this state, it has been held that:

"Inasmuch as the court, by virtue of its original jurisdiction and its continuing decree, retained jurisdiction over both person and subject-matter, no original process was necessary to regain a jurisdiction never lost."  *Harris v. Harris, supra.*

It follows from what we have said that service upon the attorneys of record is a sufficient service to warrant the court in hearing the petition of the parties seeking to modify the decree.   The supreme court of the state of Oregon, in passing upon a similar state of facts, found the general rule, notwithstanding a statute which it had under consideration, to be:

"The better rule would seem to be that where an order has been made, requiring the payment of permanent alimony or maintenance in installments, the attorney who has represent-

ed the party commanded to make such contributions should not be permitted to withdraw from a case after the divorce has been granted, without leave of court, and its consent ought not then to be given until another attorney had been substituted." *DeVall v. DeVall*, 57 Ore. 128, 109 Pac. 755, 110 Pac. 705.

To deny this rule would be to deny and defeat our cases holding that the superior court retains jurisdiction to make all necessary orders after the final decree is entered in the divorce suit. Our holding seems to be sustained by the opinion of this court rendered in the case of *Sturgiss v. Dart*, 23 Wash. 244, 62 Pac. 858. It was there insisted that the attorneys ceased to represent the parties when the judgment was entered and that notice to them is no more than notice to a stranger to the record. Many instances of the continuing authority of an attorney under our statutes are noted. The conclusion of the court being that:

"The statute intended that the attorney's authority to represent his client does not cease until he has obtained for him a judgment not subject to vacation on motion for any of the causes especially provided for therein, or for causes recognized by well established practice. It is certainly not the understanding of either the client or the attorney that the services of the attorney in an action are ended when he simply obtains a judgment which can be set aside. He is employed to obtain a judgment permanently effectual for its purpose, and his duty to his client ought not to be held to have ceased until he has accomplished the object for which he was employed."

In the case of *Harris v. Harris, supra,* a motion was made to modify the decree. This motion was served on the party in the state of California and upon the attorney of record.

Our holding that an attorney continues in authority until he retires by leave of the court and upon substitution of another attorney, is therefore a rule of necessity as well as one of sound reason and logical sequence.

It is also insisted that we should not hear the petition of the relator because he is in default in his payments of ali-

mony. Granting that the record shows that he is in default in the payment of past due alimony, we are not content to hold it to be the law that a party who is in default cannot be heard. When the statute puts no such burden upon litigants, courts should not. It may be that a court, in the exercise of its discretion and upon a proper showing of fact, ought to refuse to grant the relief prayed for while the petitioner is in technical or actual contempt. That question is not before us. Notwithstanding some broad expressions in the cases cited by respondent, we do not understand that the courts have intended to go beyond our present conclusion.

The writ will issue.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.