[No. 29992.   Department One.   January 27, 1947.]

JUVA ANDERSON, *Appellant,* v. HAROLD B. ANDERSON, *Respondent.*[1]

*L. B. Donley,* for appellant.

*Hogan & Adams,* for respondent.

ABEL, J.—Plaintiff obtained an interlocutory decree and final decree of divorce from defendant during 1938. This decree gave her custody of two minor children and granted her one hundred fifty dollars a month for support of herself and two children until the children became twenty-one years old, providing, in the event plaintiff remarried, such support and maintenance should be reduced to eighty dollars a month. There was a further provision that, in the event either child marries, his or her allowance for

[1]Reported in 177 P. (2d) 83.

maintenance and support shall be automatically terminated.

The decree provided that defendant "shall have the right and is hereby authorized to change the beneficiary under his insurance policies." There was no provision requiring defendant to pay premiums on these insurance policies.

The decree granted defendant the right to reasonable visitations with the children. However, plaintiff took the children to British Columbia after obtaining authority from the court, without notice to defendant. Plaintiff subsequently married her present husband, and he adopted the two children of these parties in British Columbia.

Defendant brought these proceedings in the court below for modification of the interlocutory and final decree of divorce. The lower court held plaintiff entitled to judgment for the entire support money up to the date of her remarriage, and from that date until the date of adoption she was entitled to eighty dollars per month, plus interest at six per cent. Subsequent to the date of adoption, she was entitled to nothing. The trial court based its decision upon the holding of this court in *St. Germain v. St. Germain*, 22 Wn. (2d) 744, 157 P. (2d) 981. Plaintiff has appealed.

■ The children of these parties were adopted in March, 1943, and our statute in effect at that time on the question of obligation of the natural parent after adoption is as follows:

Rem. Rev. Stat., § 1699: "Effect of adoption—Descent of property. By such order the natural parents shall be divested of all legal rights and obligations in respect to such child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them, and shall be, to all intents and purposes, the child and legal heir of his or her adopter or adopters, entitled to all rights and privileges and subject to all the obligations of a child of the adopter or adopters begotten in lawful wedlock. . . ."

In 1943, the legislature passed § 12, Laws of 1943, chapter 268, p. 833 (Rem. Supp. 1943, § 1699-13 [P.P.C. § 354f-25]),

which again relieved the natural parent from all legal obligations with respect to the adopted children:

"By a decree of adoption the natural parents shall be divested of all legal rights and obligations in respect to such child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them, and shall be, to all intents and purposes, and for all legal incidents, the child, legal heir, and lawful issue of his or her adopter or adopters, . . . ."

The case of *St. Germain v. St. Germain, supra,* is directly in point. There, this court held that an order of adoption divests the natural parents of all legal rights and obligations in respect to the adopted child.

Under the decree, the award to plaintiff after the date of her marriage was reduced to eighty dollars a month for the children's support. Appellant urges that the modified award, arising by reason of her remarriage, was not solely for the support of the children, and that it is now impossible for the court to divide the allowance between the mother and the children.

In *Stafford v. Stafford,* 18 Wn. (2d) 775, 140 P. (2d) 545, Mr. Stafford was required to pay one hundred dollars a month for support of his wife and child, and such sum was to be paid as long as Mrs. Stafford remained single. It was further provided that, in the event of the remarriage of Mrs. Stafford before the minor became of age, the sum of fifty dollars should be paid until the minor reached the age of twenty-one years, at which time the payment of fifty dollars would cease. The court said, at p. 793:

"We are of the opinion . . . that this indicates a clear intention to fix the alimony at a definite amount of fifty dollars per month. In other words, it indicates to us . . . that it was the intention of the parties, as shown by their property settlement, which was embodied in the decree, that fifty dollars of the one hundred dollar award was intended as alimony for the support of the wife, and was to continue until and unless respondent remarried; that if respondent remarried before the son became of age, then and in that event the alimony award of fifty dollars should stop, but Mr. Stafford would still be required to pay fifty dollars a

month for the support of the minor until he became of age, when such payment would stop."

In the instant case, it was the clear intention of the interlocutory decree of divorce that eighty dollars was for the support of the children and seventy dollars was for the support of the wife.

Appellant claims that respondent should pay the insurance premiums. However, both the interlocutory decree of divorce and the final decree of divorce make no provision for the payment of these premiums.

Appellant further contends that the lower court should not have heard the case because respondent was in arrears in paying support money.

In *State ex rel. Jones v. Superior Court*, 78 Wash. 372, 139 Pac. 42, Judge Chadwick, speaking for the court, stated, on p. 376:

"It is also insisted that we should not hear the petition of the relator because he is in default in his payments of alimony. Granting that the record shows that he is in default in the payment of past due alimony, we are not content to hold it to be the law that a party who is in default cannot be heard. When the statute puts no such burden upon litigants, courts should not."

In the instant case, there was no reason in law or equity why the court should not hear the petition of defendant.

Judgment is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.