[No. 1231-2.    Division Two.    December 23, 1974.]

MARION L. BONN, *Respondent*, v. ROBERT C. BONN, *Appellant*.

*Eugene A. Stock* (of *Stock & Welch*), for appellant.

*Gerald R. Gates* and *Hunter, Gates & Patterson,* for respondent.

PETRIE, J.—The single issue presented by this appeal may be concisely stated. May a contumacious spouse be required to pay arrearage support payments, and prior awards of attorney fees, as a condition precedent to a hearing on a petition to modify the child visitation rights established by a prior divorce decree? Although this court strongly condemns any actions of this defendant-appellant designed to vex, harass, or annoy his former wife, our holding must be that the withholding of a hearing on a petition seeking visitation rights, where the paramount concern is the welfare of the children, is not a proper remedy for the contemptuous failure of a spouse to comply with prior support orders of the court.

The number of times that the defendant husband has been before the Superior Court for Snohomish County concerning the six children of this marriage is shocking. The general tenor of this vexatious and protracted divorce litigation, which has continued throughout nearly 10 years of court proceedings, was established well before the decree of divorce was entered by the court. The action was commenced by the plaintiff wife in May of 1965, and the following month an order was entered restraining the defendant from harassing the plaintiff or using his visitation rights for harassment purposes. In December of 1965, the defendant was found in contempt for molesting, harassing and abusing the plaintiff in violation of the restraining order, and also for failure to pay support. Subsequent to the entry of the final decree of divorce, January 14, 1966, the defendant was again before the Superior Court on three additional occasions when he was found in contempt for failure to pay support.

During this same period, between the entry of the divorce decree and the commencement of the instant action, the defendant on four other occasions involved his former wife and their six children in bitter court proceedings by the filing of petitions to modify the decree with regard to child custody or visitation. For example, in August 1969, when defendant filed his third petition to modify the divorce decree, he also petitioned the juvenile court for a dependency determination. At a preliminary hearing in juvenile court, the defendant did not inform the juvenile court of an order entered in superior court the day before. However, when the superior court order was brought to the attention of the Snohomish County deputy prosecutor, he filed a motion to stay proceedings, alleging that the defendant appeared to be deliberately manipulating both the superior court and juvenile court for his own purposes. The two matters were eventually consolidated, and defendant was denied custody and visitation rights upon a finding of fact that the evidence showed defendant had harassed the

plaintiff and the children since the divorce decree was entered.

Upon defendant's fourth petition to modify the decree, seeking visitation rights as in the instant proceedings, an order substantially the same as the order before us in this appeal was entered. That order provided that all proceedings initiated by the defendant would be stayed until the defendant was in substantial compliance with all previous court orders. A notice of appeal from that order was filed by the defendant, but no further action was ever taken on the appeal.

The instant modification proceeding was commenced by the defendant in April 1973. The impetus behind this fifth petition to modify the decree was evidently the arrest of the plaintiff in Marysville, Washington, for leaving the children unattended in an automobile allegedly while she was consuming alcoholic beverages at a nearby establishment. Following this arrest, and because the defendant was bound by the previous order staying proceedings in superior court, the defendant obtained an order from the juvenile court directing the family court investigative unit to conduct an investigation concerning the parties' children. Upon receipt of the investigator's report, which recommended that the defendant be given some visitation privileges, the defendant filed a motion in superior court, based on the report, seeking authorization of the superior court to initiate proceedings to modify the divorce decree. This motion was granted by the superior court on April 24, 1973. The petition to modify the decree was duly filed, and a motion to dismiss the petition for failure to state a cause of action was denied. However, on May 29, 1973, the order was entered from which this appeal was taken. That order provided as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all further proceedings initiated by the defendant, Robert C. Bonn, by his petition for modification be stayed, and no hearing be set thereon until he be in compliance with all previous orders of this Court, has paid additional attor-

ney's fees for this suit in the amount of $200.00, and is further current in his support obligation from October 8, 1969, the date of the entry of order of Judge Holte on a previous petition to modify.

Aside from her argument on the merits of this order, plaintiff seeks an affirmance of the order on the theory that defendant is barred from challenging this order on appeal because of the substantially similar order staying proceedings which was entered in defendant's fourth modification action. Because an appeal was never perfected from the prior order, plaintiff argues that either res judicata, collateral estoppel, direct estoppel, or law of the case precludes defendant from questioning the propriety of the instant order in this appeal.

It is unnecessary to discuss the application of each of these doctrines to the facts of this case, because plaintiff's argument overlooks the fact that the instant action was expressly authorized by an order of the superior court. This order authorizing defendant to initiate the instant modification proceedings clearly has the effect of vacating or setting aside the prior stay, which plaintiff seeks to assert as a bar to this action. Under these circumstances, there simply is no prior final determination to set up as a bar under any of the doctrines argued by plaintiff.[1]

Turning now to the merits of the stay order entered in this case, we are of the opinion that defendant's challenge of the order is well taken. Defendant relies on three cases in support of his position that a trial court may not make the payment of arrearage support a condition precedent to a hearing on a petition to modify a divorce decree with regard to child custody or visitation.

The first case relied upon by defendant is *State ex rel. Jones v. Superior Court,* 78 Wash. 372, 139 P. 42 (1914). That case involved a husband in default in his payments of alimony, and the court clearly rejected the suggestion that

---

[1]Plaintiff has not cross-appealed from the order authorizing the defendant to initiate this modification, nor from the order denying her motion to dismiss for failure to state a cause of action.

such a party in default should not be heard in a divorce decree modification proceeding. Additionally, both in *Anderson v. Anderson,* 27 Wn.2d 122, 177 P.2d 83, 6 A.L.R.2d 831 (1947), and in *Wheeler v. Wheeler,* 37 Wn.2d 159, 222 P.2d 400 (1950), the court quoted from *Jones,* clearly and unequivocally holding that the fact a spouse is in arrears in his alimony or support payments is not a reason why the court should not hear that spouse's petition to modify a divorce decree.

The plaintiff attempts to distinguish the above cases by arguing that in the instant case the defendant is not only in *default* of his payments, but also has repeatedly been held in *contempt.* In support of this argument plaintiff shakes the dust off *Smith v. Smith,* 18 Wash. 158, 51 P. 355 (1897). That case also involved a spouse simply in arrears in his alimony and support payments under a modified decree ordered by the Supreme Court. *See Smith v. Smith,* 15 Wash. 237, 46 P. 234 (1896). The court appears to have considered the husband in contempt for failure to pay, and held, somewhat broadly:

> A party can not remain in contempt in an equity proceeding, and at the same time ask the court to grant him privileges which are conferred upon him by the decree which he has refused to obey;

*Smith v. Smith,* 18 Wash. 158, 159, 51 P. 355 (1897). The argument based upon *Smith* is not persuasive because the court receded from that position in *Starkey v. Starkey,* 40 Wn.2d 307, 242 P.2d 1048 (1952), wherein the court stated at page 313:

> Defendant calls attention to *Smith v. Smith,* 18 Wash. 158, 51 Pac. 355, wherein it was held that a divorced husband who had not paid alimony as provided in the divorce decree, had no standing in a court of equity to seek modification of that decree with respect to rights of visitation. *That rule no longer obtains in this state.*

(Italics ours.)

Moreover, neither party has cited nor discussed the most recent and most closely analogous case on this subject,

*Lunsford v. Waldrip,* 6 Wn. App. 426, 493 P.2d 789, 51 A.L.R.3d 513 (1972; *see* Annot., 51 A.L.R.3d 520 (1973). There, as in the instant case, a father had petitioned the court for a modification of a divorce decree to obtain visitation privileges with his child. The father had been held in contempt, and an order had been entered precluding the father from proceeding until he purged himself of the contempt. Following the issuance of a writ of certiorari, the holding of the court was that even though the father's actions may have warranted the contempt citation, it was error for the trial court to stay his petition to modify the divorce decree on that ground. Because we believe the holding of the court was based upon a fundamentally correct statement of the law, we deem it appropriate to set it herein, verbatim, as follows:

> Even one who is in contempt of court has access to the courts to present a new and independent matter. *See Thompson v. Thompson,* 56 Wn.2d 244, 352 P.2d 179 (1960). It is not required that one who wishes to modify an order of the court with respect to the custody of a child have complied fully with that order to seek relief, although his failure to comply can be a proper matter for consideration in the hearing on the modification petition. *See Shaffer v. Shaffer,* 61 Wn.2d 699, 379 P.2d 995 (1963) and *Sweeny v. Sweeny,* 43 Wn.2d 542, 262 P.2d 207 (1953). While we find that withholding visitation between a father and his minor child is not a proper remedy for failure to comply with the order of the court regarding the payment of money, we do not decide that the petitioner has such an inherent right to visitation that the trial court cannot consider his conduct in defining or withholding visitation privileges. The paramount concern in such matters is the welfare of the child, and the conduct of the father as it affects the child's welfare is a proper consideration for the trial court.

*Lunsford v. Waldrip, supra* at 429.

The conduct of the defendant in this case is most reprehensible and perhaps constitutes an abuse of process. Nevertheless, because of the paramount concern for the welfare of the children it is inappropriate and erroneous to with-

318

hold an inquiry into the best interests of the children as a penal remedy for a spouse's contumacious disobedience of prior support orders.

Accordingly, this cause must be remanded for a hearing on the petition to modify the divorce decree. Of course, this holding does not affect the power of the trial court to appropriately punish contemptuous conduct, with confinement in jail if need be. Nor is the trial court precluded from considering the conduct of the defendant as it affects the welfare of the children when a determination as to visitation rights is made.

Because of the history of harassment and vexatious use of court process by the defendant, as demonstrated by the record, and particularly because of defendant's failure to pay plaintiff's previous attorney fee awards, pursuant to CAROA 55(b) (1), this court will deny costs on appeal to defendant. This court further authorizes the trial court to consider an award of both costs and reasonable attorney fees to plaintiff for this appeal in the event plaintiff prevails on the merits of the petition.

Reversed and remanded.

PEARSON, C.J., and ARMSTRONG, J., concur.