[No. 33973-7-I.    Division One.    July 25, 1994.]

*In the Matter of the Marriage of* CAROL LILLY, *Respondent, and* JERRY LILLY, *Appellant.*

*James S. Turner, Rosemary A. Larson,* and *Inslee, Best, Doezie & Ryder P.S.,* for appellant.

*Christopher K. Shank* and *Williams, Kastner & Gibbs, Heather Houston* and *Gibbs Houston Pauw,* for respondent.

PER CURIAM. — Jerry Lilly seeks review of a judgment and accompanying orders entered in a postdissolution proceeding. A commissioner of this court referred the matter to a panel. We affirm in part and reverse in part.

Jerry and Carol Lilly were divorced in 1989. The parenting provision of the dissolution decree provided for limited visitation by the father with his three children. The plan called for supervision of visitation by therapists. Changes of visitation were permitted to occur only with the concurrence of the therapists.

In May 1991, Mr. Lilly filed a motion to show cause why the parenting plan should not be amended. He claimed he no longer needed therapy and he had stopped seeing the children because of arguments with his ex-wife.

In October 1992, Mr. Lilly filed a motion to adopt a permanent parenting plan. In November, the Superior Court ruled sua sponte that the decree violated state law by usurping the power of the court to determine the parenting plan.

The court clarified the decree by stating that the therapists could recommend changes in visitation. The effect of this order apparently was to place ultimate decision-making power in the court, rather than the therapists. Further ruling on parenting matters was deferred. A hearing date was set for February 1993.

On February 18, 1993, Carol Lilly, her counsel, Christopher Shank, and Jerry Lilly's attorney, Jeff Stofsky, appeared before Judge Michael Hayden. Mr. Lilly did not appear. The parties' counsel first met with the judge in chambers, but this proceeding was not reported. Later, on the record, the court stated that Ms. Lilly's counsel had requested a trial and that they had also discussed having the court interview the children in chambers about their wishes with regard to visitation. Mr. Shank urged that the court hear testimony by the therapists involved in the case. In contrast, Mr. Lilly's counsel argued against having testimony either by the children or the therapists. Ultimately, Ms. Lilly and her counsel agreed to forgo expert testimony if the judge met with the three children alone without the parents present.

The parties next appeared in court on April 20, 1993. The parties agreed to waive their right to a trial, and the court and counsel then focused on arrangements for interviewing the children in chambers the following day. The next day the court interviewed the children separately in chambers. Both of the girls indicated that they did not want to see their father. A transcription of the boy's interview is not in the record.

On August 3, 1993, the court issued a letter ruling stating that on the basis of the agreement of the parties to waive a trial and to abide by the desires of the children, the court would deny Mr. Lilly visitation.

Subsequently, represented by new counsel, Mr. Lilly filed a motion for the judge to recuse himself and objected to proposed findings of fact and conclusions of law. Mr. Lilly argued that he and his prior counsel had never agreed to allow the court to decide the matter of visitation solely on the basis of the children's wishes. He now requested that the

court consider other evidence, "by affidavit or by oral testimony, and including statements by experts". Ms. Lilly argued in response that her ex-husband had agreed to the procedure and to give up visitation "if the Court was convinced that the children expressed a sincere desire not to see him".

The parties appeared in court on these matters on October 5, 1993. On the basis of the whole record, including Mr. Lilly's professed desire not to force visitation, the court believed that Lilly and his counsel had invited the very procedures they now challenged. Nevertheless, the court decided to allow the matter to proceed to trial, on the condition that Mr. Lilly pay Ms. Lilly's attorney fees. The court ruled that Mr. Lilly would pay all fees incurred "to date" on the child custody issue.

The court subsequently entered an order sealing the file and directing reassignment of the case. The court ordered that "there shall be no further proceedings in Superior Court, except for support enforcement proceedings, until the award of attorneys fees has been satisfied". The order stated: "The award of attorneys fees is based on the intransigence of Mr. Lilly and his prior counsel." Finally, the court entered a "Judgment Summary" against Mr. Lilly in the amount of $19,628 in favor of Ms. Lilly for her attorney fees, to be paid to the law firm representing her. Mr. Lilly seeks review of these matters.

Mr. Lilly first contends the judgment and orders are appealable as a matter of right, or in the alternative, merit discretionary review. Regardless of whether these matters are technically appealable, we grant discretionary review pursuant to RAP 2.3(b)(1) on the ground that the trial court committed obvious error in its award of attorney fees, which is further discussed below.

Mr. Lilly argues the finding of intransigence is not supported by the record because some of the preliminary discussion of counsel regarding how the hearing would be conducted occurred off the record. According to this argument, the record does not support the judge's conclusion that

the parties authorized him to make the visitation decision on the basis of the express wishes of the children.

We disagree. After careful review, we conclude that there is abundant evidence in the record that Mr. Lilly agreed to the very procedure he now challenges. The proceedings on February 18 and April 20 indicate that the parties intended to waive their right to a trial in the sense that they would not call expert witnesses or the children to testify. Moreover, the record indicates that initially Ms. Lilly strongly asserted her desire to call expert witnesses. The preference for waiving trial originated with Mr. Lilly and his counsel. Moreover, Mr. Lilly expressed to the court that he did not wish to force the children to see him against their wishes. We find no error in the court's conclusion that Mr. Lilly's subsequent challenge to the procedure constituted intransigence.

Mr. Lilly next argues that the court deprived him of his right to due process by conditioning further proceedings on his payment of the attorney fees. He relies primarily on *Bonn v. Bonn*, 12 Wn. App. 312, 529 P.2d 851 (1974). There, the ex-husband was repeatedly found in contempt for failure to pay support and filed five petitions to modify the decree with regard to child custody or visitation. The court entered an order staying further proceedings until the defendant had complied with all previous court orders, including payment of support arrearage and attorney fees. The Court of Appeals reversed for a hearing on the petition, holding that it was not in the best interests of the children to withhold a hearing to penalize the father's disobedience of prior support orders.

■■ *Bonn* is distinguishable from the facts of this case. Unlike in *Bonn*, Mr. Lilly's motion for a new parenting plan was considered on its merits by the court. He was afforded the procedures to which he had agreed and then objected when he did not prevail. The right of due process does not guarantee absolute and unlimited access to court. "The requirement that litigation proceed in good faith and comply with court rules has always been implicit in the right of access to the courts." *In re Marriage of Giordano*, 57 Wn. App. 74, 77, 787 P.2d 51 (1990). Under the very unusual cir-

cumstances of this case, we will not second-guess the trial court's exercise of its inherent powers to control the conduct of litigants who impede the orderly conduct of proceedings. *See* RCW 2.28.010(3). We find no merit in Mr. Lilly's due process argument.

As a result of Mr. Lilly's intransigence, the judge stated he would order fees incurred "to date" on the custody issues, without distinguishing between the proceedings in 1993 and the earlier proceedings. The record indicates that Ms. Lilly's counsel submitted a fee affidavit and billing statements dating back to December 1989.

■ Mr. Lilly contends that even if the court could properly order attorney fees, the court erred in granting fees for an extensive period before the current proceedings. We agree. The finding of intransigence is limited to the events beginning with February 1993. An award of attorney fees based on intransigence in prior years is not supported by the record. Therefore, we remand to the trial court to calculate reasonable attorney fees for services from February 18, 1993, the date the court first heard argument on the nature of the proceedings to be held on the visitation matter.

■ Ms. Lilly seeks her attorney fees on appeal. She has submitted a financial declaration to which Mr. Lilly has responded in a limited fashion. Under RCW 26.09.140 this court may award attorney fees in its discretion, balancing the needs of one party against the other's ability to pay. *In re Marriage of Coons*, 53 Wn. App. 721, 722-23, 770 P.2d 653 (1989). Finding that Ms. Lilly has made the requisite showing of need, we grant her request for reasonable attorney fees on appeal.

We reverse and remand only for recalculation of the attorney fees award consistent with this opinion. The remainder of the superior court decision is affirmed.