IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BANNER BANK, a Washington corporation, | ) ) ) | No. 39039-0-III |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| REFLECTION LAKE COMMUNITY ASSOCIATION, a nonprofit corporation; and RICK SMITH, | ) ) ) ) | UNPUBLISHED OPINION |
| Respondents, | ) ) | |
| JAMES POWERS, | ) ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — James Powers appeals the trial court's denial of his

motion to stay, including entry of judgment against him in accordance with this court's

mandate. Reflection Lake Community Association and Rick Smith appeal the trial

court's denial of their request for attorney fees and costs incurred on remand. We deny

both appeals, award respondents their reasonable attorney fees for responding to Mr.

Powers' frivolous appeal, and affirm.

FACTS

This is the second time this matter has come before this court. We previously decided *Banner Bank v. Reflection Lake Community Association*, No. 38048-3-III, slip op. (Wash. Ct. App. Jan. 25, 2022) (unpublished), https://www.courts.wa.gov/ opinions/ pdf/380483_unp.pdf (*Banner Bank* I).

*Banner Bank* I stemmed from an interpleader action filed by Banner Bank to determine the rights to accounts it held between two competing boards of directors of Reflection Lake Community Association (RLCA). *Id*. at 1. James Powers originally served on RLCA's board as an appointed director and president. *See id*. at 4. He and the other eight appointed directors failed to hold a timely election as required by RLCA's bylaws. *See id*. at 2. A small group of community members formed an election committee and collected signatures from 70 percent of the RLCA members demanding that the board hold an election. *Id*. The appointed board refused to hold an election, so the election committee organized and held a special election. *Id*. RLCA members ultimately removed seven of the eight appointed directors, including Mr. Powers, and elected a new board. *Id*. at 2-3. Mr. Powers contested the election. *Id.* at 4.

2

When the newly elected board attempted to access RLCA's bank accounts with Banner Bank, Mr. Powers informed the bank that there were two competing boards of directors. *Id*. at 2-3. Banner Bank froze RLCA's accounts and filed a complaint for interpleader naming Mr. Powers, president of the appointed board, Rick Smith, president of the elected board, and RLCA itself, as defendants. *Id*. at 4. The trial court granted summary judgment in favor of RLCA and Mr. Smith (collectively hereafter, RLCA). *Id*. at 10. Mr. Powers appealed. *Id*.

On November 9, 2021, while *Banner Bank* I was pending in this court, the parties entered into a CR 2A mediated settlement agreement. Under the terms of the agreement, the parties agreed to stay two existing lawsuits: (1) the interpleader action, Spokane County Superior Court No. 20-2-03199-32, and (2) a second lawsuit, Spokane County Superior Court No. 20-2-03213-32, commenced by Mr. Powers and other removed board members, which requested declaratory relief unrelated to the interpleader action. The settlement agreement stated in relevant part:

> The parties agree to stay the current lawsuits between the parties until such a time as RLCA and the Reflection Water Association successfully transfer ownership or operation of the Reflection Lake eastside water system to a third party, at which time the parties hereto agree to execute appropriate full and final releases, settlement documents and other necessary confirming documents, and to enter an Order of Dismissal with Prejudice and Without Costs in Spokane County Superior Court Cause No. 20-2-03213-32 and

3

>       dismiss the appeal of summary judgment granted in Spokane County
>       Superior Court Cause No. 20-2-03199-32.

Clerk's Papers (CP) at 6.

Six days later, counsel for Mr. Powers filed a motion in this court requesting that we stay our review in *Banner Bank* I, citing the signed settlement agreement. One day later, counsel withdrew the motion, explaining, "The undersigned counsel was misinformed, and *the parties do not wish to stay the above-captioned matter, regardless of settlement status*." Revised Br. of Resp't, App. at 5-6 (emphasis added). Accordingly, we proceeded with our review.

We affirmed the trial court's decision. We also awarded RLCA its attorney fees and costs for a frivolous appeal because "Mr. Powers failed to raise any debatable issue that might result in the reasonable probability of reversal." *Banner Bank* I, No. 38048-3-III, slip op. at 18.

RLCA submitted a cost bill and an application for attorney fees pursuant to RAP 18.1(d). Mr. Powers did not object or otherwise respond. We awarded RLCA $14,637.50 for its attorney fees and $140.88 for its costs. On April 13, 2022, we issued our mandate, which included the attorney fee and cost award against Mr. Powers.

*Trial court proceedings*

Mr. Powers moved the trial court to enforce the settlement agreement in the declaratory action. The trial court granted Mr. Powers' motion and entered an order that deemed the settlement agreement enforceable and binding between the parties.

Soon after, RLCA filed a proposed order entering judgment against Mr. Powers in this, the interpleader action. In addition to the mandated attorney fees and costs from *Banner Bank* I, the proposed order also included a request for the trial court to award RLCA $1,745 in additional attorney fees and costs against Mr. Powers. In its briefing to the trial court, RLCA did not explain or provide authority for its request for the additional attorney fees and costs.

Mr. Powers then filed a motion in the interpleader action to stay (1) all matters pertaining to or arising from the appeal in *Banner Bank* I, including entry of judgment against him for attorney fees and costs, and (2) all pending matters in the trial court between the parties. He argued "the appeal should have been stayed," and the trial court should stay entry of a judgment against him because of the parties' settlement agreement. CP at 16.

Mr. Powers additionally objected to entry of judgment in the interpleader action. He argued that RLCA's attempt to obtain entry of judgment in accordance with our

mandate in *Banner Bank* I violated the settlement agreement and disregarded the trial

court's earlier order in the declaratory action that deemed the settlement agreement

enforceable.

RLCA countered by arguing (1) the mandate in *Banner Bank* I was binding on the

trial court, (2) Mr. Powers waived application of the stay by failing to raise the issue on

appeal, and (3) Mr. Powers' motion and objection was a part of a pattern of tactical delay

and abusive litigation.

The trial court held a hearing on Mr. Powers' motion to stay and RLCA's proposed

judgment. The court denied the motion to stay and entered judgment in accordance with

our mandate. It also denied RLCA's request for additional attorney fees and costs, the

basis for which RLCA had failed to explain either in its briefing or during the hearing.

Mr. Powers timely appealed the trial court's entry of judgment and denial of his

motion to stay. RLCA timely cross appealed the trial court's denial of its request for

additional attorney fees and costs.

## ANALYSIS

A.    POWERS' APPEAL: ENTRY OF JUDGMENT

Mr. Powers argues the trial court erred when it denied his motion to stay and

entered judgment against him pursuant to our mandate in *Banner Bank* I. We disagree.

*Standard of review*

Mr. Powers' appeal potentially involves interpretation of the CR 2A settlement agreement signed by the parties. "Normal contract principles apply to the interpretation of a CR 2A agreement." *In re Marriage of Pascale*, 173 Wn. App. 836, 841, 295 P.3d 805 (2013). "Interpretation of the terms of a contract is a question of law and is reviewed de novo by the appellate court." *Knipschield v. C-J Recreation, Inc.*, 74 Wn. App. 212, 215, 872 P.2d 1102 (1994). When the language of a contract is in question, the court will "determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503, 115 P.3d 262 (2005). A person's signature on the contract is an objective manifestation of an intent to be bound. *Retail Clerks Health & Welfare Tr. Funds v. Shopland Supermarket, Inc.*, 96 Wn.2d 939, 944, 640 P.2d 1051 (1982). At that point, the burden shifts to the party seeking to avoid the contract to prove why the contract should not be enforced. *Id.*

RLCA raises four arguments why the settlement agreement is not enforceable with respect to the interpleader action: (1) the trial court lacked authority to deviate from our mandate in *Banner Bank* I, (2) Mr. Powers waived enforcement of the settlement agreement with respect to the interpleader action, (3) Mr. Powers is judicially estopped

7

from enforcing the settlement agreement, and (4) we should affirm as a matter of policy.

We limit our analysis to RLCA's two strongest arguments.

> *1.      The trial court lacked authority to deviate from our mandate*

RLCA argues the trial court was not permitted to deviate from our mandate in

*Banner Bank* I, which directed entry of judgment against Mr. Powers.  We agree.  This

rule is well established in our case law and court rules.  Our Supreme Court stated almost

100 years ago:

> "A trial court has no authority to enter any judgment or order not in
> conformity with the order of the appellate court.  That order is conclusive
> on the parties, and no judgment or order different from or in addition to that
> directed by it can have any effect, though it may be such as the appellate
> court ought to have directed.  Where the mandate of an appellate court
> directs a specific judgment to be entered, the tribunal to which such
> mandate is directed must yield obedience thereto.  No modification of the
> judgment so directed can be made by the trial court, nor can any provision
> be ingrafted on or taken from it."

*Gudmundson v. Commercial Bank & Tr. Co.*, 160 Wash. 489, 496, 295 P. 167 (1931)

(quoting 2 RULING CASE LAW *Appeal and Error* § 244, at 289 (1914)); *see also State ex*

*rel. Wolferman v. Superior Ct.*, 8 Wash. 591, 593, 36 P. 443 (1894).

Contrary to Mr. Powers' argument that the rule from those cases is superseded by

the rules of civil procedure, the rule continues to be enforced in Washington.  *E.g.*, *State*

*v. Strauss*, 93 Wn. App. 691, 697, 969 P.2d 529 (1999) (quoting RAP 12.2) ("Once an

appellate court issues its mandate, the court's decision becomes 'effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court.'"). In other words, the holding of the appellate court "must be followed in all of the subsequent stages of the same litigation." *State v. Schwab*, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). This rule is the principle behind the law of the case doctrine. *See Bank of Am., NA v. Owens*, 177 Wn. App. 181, 189-90, 311 P.3d 594 (2013) ("The law of the case doctrine binds the parties, the trial court, and subsequent appellate courts to the holdings of an appellate court in a prior appeal until such holdings are authoritatively overruled.").

The Rules of Appellate Procedure support the aforementioned rules. Under RAP 18.1(h), "[t]he clerk will include the award of attorney fees and expenses in the mandate . . . . The award of fees and expenses . . . may be enforced in the trial court." Under RAP 14.6(c), "[t]he commissioner or clerk will award costs in the mandate . . . . An award of costs may be enforced as part of the judgment in the trial court." Under RAP 12.2,

> [u]pon issuance of the mandate of the appellate court as provided in rule 12.5, the action taken or decision made by the appellate court is effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court . . . . After the mandate has issued, the trial court may, however, hear and decide postjudgment motions

otherwise authorized by statute or court rule so long as those motions do not
challenge issues already decided by the appellate court.

Here, our mandate in *Banner Bank* I directed the trial court to enter judgment in
the interpleader action, which the appeal stemmed from. Consistent with the above-stated
rules, the trial court lacked authority to deviate from our mandate in that case.

> 2. *Mr. Powers waived his right to enforce the settlement agreement*
> *with respect to the interpleader action*

"'The doctrine of waiver ordinarily applies to all rights or privileges to which a
person is legally entitled. A waiver is the intentional and voluntary relinquishment of a
known right, or such conduct as warrants an inference of the relinquishment of such
right.'" *Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 106, 297 P.3d 677
(2013) (quoting *Bowman v. Webster*, 44 Wn.2d 667, 669, 269 P.2d 960 (1954)).

Here, assuming the parties had entered into a valid and enforceable settlement
agreement during our review of *Banner Bank* I, Mr. Powers waived his right to enforce it
with respect to the interpleader action. The signed settlement agreement is dated
November 9, 2021. Six days later, Mr. Powers filed a motion requesting that we stay our
review in *Banner Bank* I, citing the signed settlement agreement. One day later, Mr.
Powers withdrew his motion to stay review, explaining, "[t]he undersigned counsel was
misinformed, and *the parties do not wish to stay the above-captioned matter*, *regardless*

10

*of settlement status*." Revised Br. of Resp't, App. at 5-6 (emphasis added). Accordingly, we proceeded with our review, issued our decision awarding frivolous attorney fees and costs, and issued our mandate in *Banner Bank* I.

Mr. Powers' action in withdrawing his motion to stay and the language that he wanted the appeal to be decided "regardless of settlement status" shows an intentional and voluntary choice to relinquish the right to enforce the settlement agreement with respect to the interpleader action. His failure to request reconsideration of our decision in *Banner Bank* I confirms the objective clarity of his waiver.

B.      RLCA'S CROSS APPEAL: ADDITIONAL ATTORNEY FEES AND COSTS

RLCA cross appeals, arguing (1) the trial court abused its discretion by denying its request for additional attorney fees and costs, (2) it is entitled to attorney fees and costs for defending a frivolous appeal, and (3) we should enjoin Mr. Powers from further litigating this matter against it. We address each argument in turn.

1.      *The trial court did not abuse its discretion*

RLCA first argues that the trial court abused its discretion by denying its request for attorney fees, both for its efforts in entering judgment and for opposing Mr. Powers' motion to stay.

11

First, RLCA argues we intended it to recover its reasonable attorney fees and costs for having judgment entered in accordance with the mandate. We did not. In *Banner Bank* I, RLCA requested its reasonable attorney fees and costs on appeal for defending a frivolous appeal. This is what we awarded.

Second, RLCA argues it should be entitled to recover its reasonable attorney fees and costs for opposing Mr. Powers' motion to stay, describing Mr. Powers' conduct as intransigent and oppressive. RLCA did not raise this argument below as a basis for recovering attorney fees and costs, and we decline to consider it for the first time on appeal. RAP 2.5.

> 2.    *RLCA is entitled to an award of reasonable attorney fees for responding to Mr. Powers' frivolous appeal*

RLCA next argues we should award reasonable attorney fees and costs to it on appeal because this appeal is frivolous. We agree.

RAP 18.9(a) authorizes the appellate court, on its own initiative or on motion of a party, to order a party or counsel who files a frivolous appeal "to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." Appropriate sanctions may include compensatory damages or an award of attorney fees and costs on appeal to the opposing party. *Yurtis v. Phipps*, 143 Wn. App. 680, 696, 181 P.3d 849 (2008).

12

In determining whether an appeal is frivolous, we examine the entire record for whether "the appeal presents no debatable issues upon which reasonable minds might differ, and [whether] the appeal is so devoid of merit that there is no possibility of reversal." *Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

Our review of the entire record convinces us that Mr. Powers' appeal is so devoid of merit that there is no possibility of reversal. As discussed above, Mr. Powers expressly waived his right to have the settlement agreement enforced with respect to the interpleader action. Subject to RLCA's compliance with RAP 18.1(d), we award it reasonable attorney fees and costs for responding to Mr. Powers' appeal.

3.      *We decline to enjoin Mr. Powers from further litigating this matter against RLCA*

RLCA requests that we enjoin Mr. Powers from litigating this matter further against it. It points to our decision in *Yurtis v. Phipps*, 143 Wn. App. at 693-96, as support for its argument. We decline RLCA's request.

In *Yurtis*, we enjoined Ms. Yurtis from further litigation over a 1991 land transaction after she made numerous unsuccessful attempts to overturn one of our prior decisions. *Id*. at 696. Over the course of more than 10 years and two separate lawsuits, Ms. Yurtis unsuccessfully appealed to this court multiple times, attempted to recall our

mandate twice, petitioned the Washington Supreme Court for discretionary review three times, and petitioned the United States Supreme Court for certiorari and rehearing. *Id*. at 684-89. The trial court, this court, and the Washington Supreme Court imposed sanctions against Ms. Yurtis multiple times over the course of her continued litigation. *Id*. Her litigation culminated in our decision in *Yurtis*, where we viewed her appeal to be another attempt to relitigate the same issue that had been "repeatedly rejected" and prohibited her from filing any further claims or appeals against the defending party. *Id*. at 695-96.

In *Yurtis*, we explained, while we appreciated the need for appellate review, "'we also are mindful of the need for judicial finality and the potential for abuse of this revered system by those who would flood the courts with repetitive, frivolous claims which already have been adjudicated at least once.'" *Id*. at 693 (quoting *In re Pers. Restraint of LaLande*, 30 Wn. App. 402, 405, 634 P.2d 895 (1981)). We also acknowledged that we have "inherent power to control the conduct of litigants who impede the orderly conduct of proceedings." *Id*. (citing RCW 2.28.010(3); *In re Marriage of Lilly*, 75 Wn. App. 715, 720, 880 P.2d 40 (1994)). "Accordingly, a court may, in its discretion, place reasonable restrictions on any litigant who abuses the judicial process." *Id*. (citing *In re Marriage of Giordano*, 57 Wn. App. 74, 78, 787 P.2d 51 (1990)).

No. 39039-0-III
*Banner Bank v. Reflection Lake Cmty. Ass'n*

Here, Mr. Powers' conduct does not warrant our exercising our inherent power to enjoin him from further litigation in this case. His conduct here is unlike the extreme conduct in *Yurtis*. This is the first time Mr. Powers has raised these particular issues on appeal. While we conclude that his appeal here is frivolous, it does not rise to the same extreme level as the litigation in *Yurtis*, which concerned one issue that was "repeatedly rejected" by our Washington courts. We decline to enjoin Mr. Powers from further litigation against RLCA. We hope the specter of attorney fee sanctions will be a sufficient deterrent from raising further frivolous arguments.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:


_____          _____
Fearing, C.J.                                                Cooney, J.

15