[Nos. 4572–2–III; 4573–1–III. Division Three. October 6, 1981.]

*In the Matter of the Personal Restraint of*
RICKY L. LALANDE, *Petitioner.*

*In the Matter of the Personal Restraint of*
JOHN D. RANDOLPH, *Petitioner.*

*Ricky L. LaLande* and *John D. Randolph,* pro se.

*Jeffrey C. Sullivan, Prosecuting Attorney for Yakima County, Donald C. Brockett, Prosecuting Attorney for Spokane County,* and *LeRoy C. Kinnie, Deputy,* for respondent.

McINTURFF, C.J.—John D. Randolph and Ricky Lynn LaLande seek relief from personal restraint imposed, respectively, by a Spokane County conviction of second degree murder and a Yakima County conviction of second degree burglary.

Mr. Randolph's first petition challenging his conviction was dismissed on March 5, 1981, by an order of the Chief Judge who found Mr. Randolph's contentions concerning the competence of his trial counsel and the voluntariness of his guilty plea to be frivolous.[1] His second petition, challenging the failure of the Walla Walla County Clerk to answer criminal complaints he filed against that county's prosecutor, was dismissed for its failure to establish that his freedom had been limited in any way by the clerk's alleged activity.[2] His third petition, also challenging the competence of his counsel and the voluntariness of his guilty plea was dismissed on November 25, 1980,[3] because it dealt with matters contained in his first petition. *See* RAP 16.4(d). Two additional petitions questioning the trial court's failure to order a presentence investigation and contending the state penitentiary was an illegal institution, were also dismissed as frivolous. On May 26, 1981, another petition challenging the competence of counsel and the vol-

---

[1]Resolution of the petition was stayed pending the Supreme Court's decision in *In re Keene,* 95 Wn.2d 203, 622 P.2d 360 (1980). As a result the order dismissing the matter was filed after some of the other petitions were denied.

[2]Pursuant to RAP 16.4(b), a petitioner is "restrained" if his freedom is, in some way, limited because of a court decision. Since Mr. Randolph was not "restrained" by the alleged activity, there was no ground for relief by way of a personal restraint petition. RAP 16.4(a). *See also In re Myers,* 91 Wn.2d 120, 587 P.2d 532 (1978).

[3]The first petition was still pending. See footnote 1.

untariness of his guilty plea was again dismissed because Mr. Randolph failed to show good cause for filing another petition seeking similar relief.

In the instant petition, Mr. Randolph contends he should be given a new trial or released from confinement because of "violation of the Eighth Amendment, Fourteenth and Sixth Amendment."

Mr. LaLande's first petition, filed on January 5, 1976, was dismissed at his request. His second petition, which challenged his guilty plea for the burglary conviction, was dismissed for its failure to allege any facts sufficient to establish a prima facie case for setting the plea aside and because he had failed to show good cause why the court should entertain another petition seeking similar relief. His third petition, alleging he had been held illegally beyond his minimum term and that he had been denied due process because he did not have a hearing at the expiration of his minimum term, resulted in an opinion. *See In re LaLande,* 21 Wn. App. 378, 585 P.2d 180 (1978). Another petition alleging as grounds for his relief, that "[he] was arrested for auto theft and the charge was dismissed by the prosecutor but [he] was not read [his] rights by the arresting officer and it has influenced all [his] court actions to date," was dismissed on June 20, 1978, the Chief Judge noting the grounds raised were similar to those raised in his first two petitions. Furthermore, the Chief Judge ordered that if he attempted to file any other petitions based on the same grounds the clerk of the court was to return them to him without filing. In accordance with that order, two subsequent petitions were returned to Mr. LaLande on April 27, 1979, without having been filed. Another petition was dismissed as frivolous and was followed by the petition now before the court.

In this petition, Mr. LaLande contends he was not warned of his rights at the time of his arrest, he had no intent to commit a crime and he did not know he was driving a registered car.

The petitions were consolidated for review, and are dis-

missed because neither petitioner has shown good cause for this court to entertain yet another petition seeking similar relief.

■ As the Supreme Court recently noted in *In re Haynes*, 95 Wn.2d 648, 652, 628 P.2d 809 (1981), "It is unnecessary, costly, and burdensome for the courts to entertain more than one personal restraint petition from a single individual when the grounds for relief could be reviewed in one petition." We subscribe to that observation, especially in view of the dramatic increase in the number of personal restraint petitions[4] and the rule deferring the resolution of most personal restraint petitions to the Court of Appeals.[5]

Although we appreciate the importance of "the great writ"[6] and its "swift and imperative remedy in all cases of illegal restraint or confinement",[7] we also are mindful of the need for judicial finality and the potential for abuse of this revered system by those who would flood the courts with repetitive, frivolous claims which already have been adjudicated at least once. The philosophy of our courts is clear: Absent a showing of good cause why a second petition for similar relief should be considered, a petitioner is precluded from relitigating issues in subsequent petitions as

---

[4]Personal restraint petition filings in 1980 increased 80 percent over 1979, with the three divisions of this court considering a total of 313. Of the 244 petitions terminated by the Court of Appeals last year, 209 were denied or dismissed. Office of the Administrator for the Courts, *Report on Caseloads and Operations of the Courts of Washington* (1980) (hereinafter *Report*).

[5]RAP 16.5(b) provides:
"If a personal restraint petition is filed in the Supreme Court, the Supreme Court will ordinarily transfer the petition to the Court of Appeals."
In 1980, 55 petitions were filed in the Supreme Court, more than double the number filed the previous year. Of the 54 petitions terminated by that court last year, 16 were denied, 29 were transferred and 9 resulted in opinions. *See Report*, *supra*.

[6]Laubach, *Exhaustion of State Remedies as a Prerequisite to Federal Habeas Corpus: A Summary, 1966–71*, 7 Gonz. L. Rev. 34 (1971).

[7]*Fay v. Noia*, 372 U.S. 391, 400, 9 L. Ed. 2d 837, 83 S. Ct. 822 (1963).

attempted here by Mr. Randolph and Mr. LaLande. *In re Haynes, supra;* RAP 16.4(d).

The petitions are dismissed, and in the event these petitioners file another petition for similar relief without establishing good cause, the clerk of this court shall return the petition without filing.

GREEN and MUNSON, JJ., concur.