# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | No. 73493-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MICHIKO STEHRENBERGER, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: April 25, 2016 |
| | ) | |

Cox, J. – A judge shall disqualify himself or herself from any case in which the judge's impartiality might reasonably be questioned.[1] But the Code of Judicial Conduct does not require a judge to disqualify himself or herself when the judge only has a de minimis economic interest in the case.

Here, Michiko Stehrenberger moved for relief under CR 60(b)(11), seeking to vacate a judgment based on the alleged failure of judges to disqualify themselves from her case. Because the judges had only de minimis interests in the case, the trial court properly denied her CR 60(b)(11) motion. Additionally, the court did not abuse its discretion when it restricted Stehrenberger from filing additional motions without first obtaining the court's leave. We affirm.

In 2007, Stehrenberger executed a promissory note to Washington Mutual. In 2008, Washington Mutual failed, and the Federal Deposit Insurance Corporation placed the bank in receivership. Under a purchase and assumption

---

[1] CJC 2.11(A).

agreement, JPMorgan purchased all of Washington Mutual's assets, including its loans. In 2010, Stehrenberger defaulted by failing to make payments to JPMorgan under the terms of her promissory note.

In 2011, JPMorgan commenced this action on the delinquent note. Stehrenberger answered and asserted numerous defenses and counterclaims. After extensive discovery by Stehrenberger, JPMorgan moved for summary judgment on the delinquent note and Stehrenberger's counterclaims. The trial court granted JPMorgan's motion.

Stehrenberger appealed, arguing that JPMorgan lacked the authority to enforce the promissory note because it had never physically possessed the original promissory note. This court disagreed and affirmed the judgment in favor of JPMorgan.[2] Stehrenberger petitioned for review, which the supreme court denied.

After the supreme court denied review, Stehrenberger moved for relief from the judgment under CR 60(b)(11). She argued that the trial judge and the panel of judges on this court that decided her prior appeal had violated the Code of Judicial Conduct. Specifically, she claimed they failed to disclose financial interests related to J.P. Morgan Chase and also failed to disqualify themselves from ruling on her case. She also sought to have a different trial judge decide her current motion.

---

[2] JPMorgan Chase Bank, N.A. v. Stehrenberger, noted at 180 Wn. App. 1047, 2014 WL 1711765, review denied, 337 P.3d 325 (2014).

The trial judge declined to assign the motion to another judge. He also denied her motion. The judge determined that her CR 60 motion failed both procedurally and on its merits. Specifically, the court determined that Stehrenberger failed to establish non-disclosure of an economic interest in violation of the Code of Judicial Conduct.

After Stehrenberger filed several additional motions, including motions to subpoena the trial judge and members of this court who decided her case, the trial judge entered an order restricting Stehrenberger from filing additional motions without the court's leave.

Stehrenberger appeals.

## DISQUALIFICATION

Stehrenberger argues that the trial judge and members of this court were disqualified from ruling on her case. We disagree.

Due process, the appearance of fairness doctrine, and the Code of Judicial Conduct may require that a judge disqualify him or herself from hearing a case under certain circumstances.[3]

"The Due Process Clause [of the federal constitution] entitles a person to an impartial and disinterested tribunal in both civil and criminal cases."[4] But the common law and state codes of judicial conduct generally provide more

---

[3] In re Marriage of Meredith, 148 Wn. App. 887, 903, 201 P.3d 1056 (2009).

[4] Tatham v. Rogers, 170 Wn. App. 76, 90, 283 P.3d 583 (2012) (quoting Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980)).

protection than due process requires.[5] Thus, courts generally resolve questions about judicial impartially without using the constitution.[6]

Under the appearance of fairness doctrine, judges must both be impartial and appear to be impartial.[7] "A judicial proceeding satisfies the appearance of fairness doctrine only if a reasonably prudent and disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing."[8] The claimant must submit proof of actual or perceived bias to support an appearance of fairness violation.[9]

Parties may raise an appearance of fairness claim in a CR 60(b)(11) motion.[10] A judge violates the appearance of fairness doctrine by failing to disqualify himself or herself when the Code of Judicial Conduct requires.[11]

Washington's Code of Judicial Conduct provides that judges shall disqualify themselves in "any proceeding in which the judge's impartiality[] might

---

[5] Id.

[6] Id. at 92.

[7] Id. at 80.

[8] Id. at 96.

[9] GMAC v. Everett Chevrolet, Inc., 179 Wn. App. 126, 154, 317 P.3d 1074 (quoting Magana v. Hyundai Motor Am., 141 Wn. App. 495, 523, 170 P.3d 1165 (2007)), rev'd on other grounds, 167 Wn.2d 570, 220 P.3d 191 (2009).

[10] Camarata v. Kittitas County, 186 Wn. App. 695, 713, 346 P.3d 822 (2015).

[11] Tatham, 170 Wn. App. at 94.

reasonably be questioned."[12] One such circumstance, for example, is where the judge has "has an economic interest[] in the subject matter in controversy or in a party to the proceeding."[13] But this requirement does not apply to de minimis interests.[14]

De minimis interests include:

(1) an interest in the individual holdings within a mutual or common investment fund; . . . [or]

(3) a deposit in a financial institution or deposits or proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests.[15]

"A judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification."[16]

If a judge disqualified under this rule discloses the economic interest on the record, the parties may agree that the interest is de minimis and that the judge is qualified.[17]

---

[12] CJC 2.11(A).

[13] CJC 2.11(A)(3).

[14] CJC 2.11 cmt. 6.

[15] Id.

[16] CJC 2.11 cmt. 5.

[17] CJC 2.11(C).

No. 73493-8-I/6

As a preliminary matter, the trial judge did not abuse his discretion by hearing Stehrenberger's CR 60 motion himself rather than transferring it to a different judge. A trial judge may properly hear a motion that accuses him or her of "violating the appearance of fairness doctrine by presiding over a trial and failing to disclose potential conflicts of interest."[18]

Moreover, the trial judge did not violate the Code of Judicial Conduct. Stehrenberger identified three interests she argued disqualified the trial judge: ownership of Washington Mutual stock, a retirement account that owns JPMorgan securities, and two mortgages/deeds of trust with JPMorgan. These interests are de minimis and do not require recusal or disclosure.

First, the trial judge's Washington Mutual stock was a de minimis interest because there was no evidence that this stock became JPMorgan equity when it purchased Washington Mutual. As explained earlier, Washington Mutual failed and the FDIC placed it in receivership. Any Washington Mutual stock that the trial judge owned presumably became worthless at that point. And as the trial court found, Stehrenberger did not present any evidence to show that this stock, rather than becoming worthless, became equity in JPMorgan when it purchased Washington Mutual from the FDIC.

Second, the trial judge's retirement accounts did not require disqualification in this case. The comments to the Code of Judicial Conduct establish that "interest[s] in the individual holdings within a mutual or common

---

[18] Tatham, 170 Wn. App. at 88-89.

6

investment fund" are de minimis.[19] Here, the State invests the judge's retirement plan in "a diversified pool of investments" which includes holdings in JPMorgan. Accordingly, the trial judge had only an interest in an individual holding within a common investment fund, which is a de minimis interest.

Finally, the trial judge's mortgages/deeds of trust did not create an economic interest. Financial deposits, "proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests," are de minimis interests. To the extent that a mortgage/deed of trust is a financial interest, it is a similar de minimis interest under this rule. Stehrenberger fails to cite any authority indicating otherwise.

For similar reasons, the panel of judges on this court who decided her prior appeal were not required to either disqualify themselves or disclose economic interests. As explained earlier, any interest in JPMorgan through the judicial retirement plan is de minimis. Likewise, the appellate judges' mortgages/deeds of trust did not require recusal.

The only other financial interest Stehrenberger identified was one of the appellate judge's ownership of a JPMorgan bond. This interest was also de minimis. That judge's public disclosure forms indicate ownership of a JPMorgan bond valued between $4,000 and $19,999. Under the circumstances of this case, this bond was insufficient for that judge's impartiality to "reasonably be questioned."[20] This case involved a $50,000 promissory note on which

---

[19] CJC 2.11 cmt. 6(1).

[20] CJC 2.11(A).

7

Stehrenberger owed $46,598.53. Given JPMorgan's size, there was no reasonable possibility that an adverse ruling on this case would impact JPMorgan's finances to such an extent as to put it at risk of default on its bond obligations. This possibility was so remote that the appellate judge had no more than a de minimis economic interest.

In sum, neither the trial judge nor the panel of this court violated the Code of Judicial Conduct.

Under the facts of this case, determining whether the Code of Judicial Conduct was violated also resolves whether there was either a violation of due process or the appearance of fairness.

Due process requires recusal only in "extraordinary situation[s]."[21] Here, the de minimis financial interests Stehrenberger identifies are not an extraordinary situation. Rather, the Code of Judicial Conduct "provide[s] more protection than due process requires" on this issue.[22]

Similarly, there is no violation of the appearance of fairness doctrine. Just as the de minimis interests are insufficient to create a situation where the judges' impartiality is reasonably questioned, these interests are also insufficient to violate the appearance of fairness doctrine. "[A] reasonably prudent and

---

[21] Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 887, 129 S. Ct. 2252, 173 L. Ed. 2d 1208 (2009).

[22] Id. at 890.

8

disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing."[23]

Thus, the trial court properly denied Stehrenberger's CR 60(b)(11) motion. Because of our resolution on this issue, we decline to reach the parties' arguments about whether Stehrenberger complied with that rule's procedural requirements.

Stehrenberger argues that retirement plans with holdings in JPMorgan are not de minimis interests because the judges' decision could "substantially affect[]" these interests. Specifically, she argues that the decision in her case could "impact [JPMorgan's] ability to collect on a bulk of other Washington Mutual-related assets."

The record does not support this argument. Stehrenberger's argument was that JPMorgan could not enforce the note because it had never physically possessed it.[24] JPMorgan was required to prove that Washington Mutual had possessed the note, not transferred the note to anyone else, and that the note's whereabouts could not be determined.[25] Thus, Stehrenberger's case was fact-intensive and unlikely to affect other assets received from Washington Mutual.

---

[23] Tatham, 170 Wn. App. at 96.

[24] JPMorgan Chase Bank, N.A., 2014 WL 1711765 at *3.

[25] Id.

Stehrenberger also relies on Tumey v. Ohio[26] to argue that the interests in this case were not de minimis. But that case is distinguishable. In Tumey, a mayor who adjudicated cases received a $12 salary supplement for convictions, but no supplement for acquittals.[27] Additionally, fines imposed by the mayor funded the village government, which the mayor ran.[28] Thus, in Tumey, the financial interest was direct—the mayor received the salary supplement only for a conviction.

In contrast, for the reasons explained earlier, the financial interests in this case are so attenuated as to be de minimis.

## FILING RESTRICTION

Stehrenberger argues that the court abused its discretion by ordering her not to file additional motions without the court's leave. We disagree.

Courts have discretion to impose "reasonable restrictions on any litigant who abuses the judicial process."[29] Although due process provides a right to access the courts, this right is not unlimited.[30] Courts "'are mindful of the need for judicial finality and the potential for abuse of this revered system by those who

---

[26] 273 U.S. 510, 47 S. Ct. 437, 71 L. Ed. 749 (1927).

[27] Tumey, 273 U.S. at 523.

[28] Id. at 533.

[29] In re Marriage of Giordano, 57 Wn. App. 74, 78, 787 P.2d 51 (1990).

[30] Yurtis v. Phipps, 143 Wn. App. 680, 694, 181 P.3d 849 (2008).

would flood the courts with repetitive, frivolous claims which already have been adjudicated at least once.'"[31]

But mere proof of litigiousness does not support imposing filing restrictions.[32] Additionally, trial courts "'must be careful not to issue a more comprehensive injunction than is necessary to remedy proven abuses, and if appropriate the court should consider less drastic remedies.'"[33]

Here, the trial court did not abuse its discretion in imposing filing restrictions on Stehrenberger. As the court noted, her case had been decided on the merits and affirmed on appeal. After her appeal, the trial court had denied her post judgment motions. After this denial, she moved to subpoena the trial judge and the panel of this court who decided her case on appeal. The trial court determined that these continued post judgment motions were "without legal or factual basis [and] constitute[d] abuse of the judicial process."

As the court noted, Stehrenberger had received her day in court. And because JPMorgan had consistently received awards of attorney fees, the trial court could reasonably conclude that attorney fees were an insufficient sanction to deter frivolous filings.[34] Accordingly, requiring the court's leave to file additional motions was a reasonable restriction.

---

[31] Id. at 693 (quoting In re Pers. Restraint of LaLande, 30 Wn. App. 402, 405, 634 P.2d 895 (1981)).

[32] Id.

[33] Id. (quoting Whatcom County v. Kane, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)).

[34] See Stehrenberger, 2014 WL 1711765 at *6.

## ATTORNEY FEES

Both parties seek attorney fees on appeal. We conclude that JPMorgan is entitled to an award of attorney fees on appeal.

Parties in Washington may recover attorney fees if a statute, contract, or recognized ground of equity authorizes the award.[35] Here, the promissory note provides for attorney fees in an action to enforce the note. Because JPMorgan prevails, it is entitled to an award of attorney fees on appeal, subject to compliance with RAP 18.1.

We affirm the superior court's orders and award JPMorgan attorney fees on appeal, subject to its compliance with RAP 18.1.

_Cox, J._

WE CONCUR:

---

[35] LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 123, 330 P.3d 190 (2014).